# Helfenstein *v.* Line Mountain Coal Co., Appellant.

*Practice, C. P.—Affidavit of defense—Issues of fact—Case for jury.*

1. Where the pleadings show an issue of fact essential to a case which can be determined only by a jury, it is not necessary, in disposing of a motion for judgment for want of a sufficient affidavit of defense, to pass on questions of law which may come up in the trial of the case; only such matters, if any, necessary to the disposition of the issue of fact involved will be considered.

2. Judgment for want of a sufficient affidavit of defense should not be ordered except in clear cases.

3. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy.

Argued May 12, 1925. Appeal, No. 177, Jan. T., 1925, by defendant, from order of C. P. Northumberland Co., May T., 1922, No. 218, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of William L. Helfenstein v. Line Mountain Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense. Before STROUSS, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting it.

*Joseph J. Brown,* with him *Voris Auten* and *Henry P. Brown,* for appellee.

*Charles C. Lark,* with him *Fred B. Moser,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 27, 1925:

Plaintiff sued to recover royalties alleged to be due on account of coal and culm taken by defendant and his predecessors in title from the Shamokin and Mahanoy creeks under options or leases procured by plaintiff. The court below entered a summary judgment for want of a sufficient affidavit of defense.

This claim is based on two agreements known as Exhibits A and B, which plaintiff contends obligated the parties therein named to the payment of royalties on leases or options procured by him, whether taken in his name or the name of others mentioned. This obligation, through successive steps, has been fixed on defendant. The affidavit denies liability in general terms, and defendant asserts the statement does not set forth a cause

of action, in that there was no contractual relation between the parties to the litigation, nor was there any assumption of liability by defendant; that the agreements A and B are ambiguous and uncertain, and are not covenants running with the land, binding on defendant; that the agreement of March 20, 1920, limits the liability, and, further, a question of fact is presented.

Where the pleadings show an issue of fact essential to a case which can be determined only by a jury, it is not necessary, in disposing of a motion for judgment for want of a sufficient affidavit of defense, to pass on questions of law which may come up in the trial of the case; only such legal matters, if any, necessary to the disposition of the issue of fact involved will be considered. The reason is obvious. During the trial, or after the evidence is all in, the original view of the law may be somewhat modified or changed. That course will be followed here. The pleadings set forth a controversy which must be settled by oral testimony.

Plaintiff, to show liability, based his claim on the leases or options procured by him, and the fact that coal had been taken from the creeks covered thereby. The statement sets forth all the options or leases embraced by Exhibits A and B. But defendant denies plaintiff secured all these options, and avers "that the only options secured by plaintiff......were......numbers 3, 4 and 6 [5 not numbered], ......and numbers 21 and 22." Defendant admits it took a certain quantity of coal from these two creeks, attaching to its affidavit a schedule showing the tracts from which coal was taken and the quantity taken from each. As we study this schedule, with the options admitted to have been secured by plaintiff, we find no coal taken for which defendant would be liable, so as to warrant a summary judgment in any sum. The substantial issue determined by the pleadings would be what land was covered by the agreements, and what coal, if any, was removed therefrom. Each party should have the right to present all the circumstances in

connection therewith, in order that it may be determined whether coal had been removed from any land secured by plaintiff.

As stated, we do not foreclose any legal question argued by counsel at bar or in their briefs. The issue of fact raised by the pleadings is devoid of any legal question. Furthermore, judgment for want of a sufficient affidavit of defense should not be ordered except in clear cases. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy: Griffith v. Sitgreaves, 81½ Pa. 378; Phila. v. Edmonds, 59 Pa. Superior Ct. 318; County Savings Bank of Scranton v. Gillette, 273 Pa. 262; Mancia v. Marquette National Fire Ins. Co., 280 Pa. 174; Moy v. Colonial Finance Corporation, 279 Pa. 123. This assuredly is one of those cases.

Judgment reversed, and a procedendo awarded.