Opinion by
 

 Arnold, J.,
 

 In plaintiff’s action to quiet title he averred that a post-nuptial agreement gave defendant no lien upon or interest in certain real estate. The court below, upon
 
 *637
 
 preliminary objections (demurrer), refused so to declare and entered judgment for tbe defendant. The plaintiff appealed.
 

 The parties were husband and wife and she brought an action for divorce. They then made a written agreement, under seal, reciting that both parties desired to avoid litigation as to alimony pendente lite, fees and costs, for which he admitted liability. He agreed to pay specified alimony and to give her a lump sum of money and some shares of stock. The agreement further stipulated: “2. The party of the second part [husband-plaintiff] shall . . . pay as, if and when he shall sell his Green House and property [location described] . . . whether the parties be divorced or not, out of his equity now in same, the sum of One Thousand ($1,000.00) Dollars.”
 

 Defendant secured her divorce in 1931. In 1948 plaintiff arranged to sell the Green House property, and a trust company issued the title certificate, noting that the property was subject to the terms of this written agreement, which had been recorded by the defendant. Plaintiff then conveyed the premises and the $1,000 was held in escrow to satisfy defendant’s claim if any existed.
 

 Plaintiff’s complaint also averred that at the date of the agreement the Green House property, was encumbered by a
 
 mortgage
 
 in the amount of $10,000, and that the property itself then had a value of not over $5,000. The question in litigation was the construction of paragraph 2 above quoted, i.e., whether the defendant had an equitable lien on the Green House property, or upon the proceeds which the plaintiff was entitled to receive over and above the mortgage.
 

 Undoubtedly plaintiff agreed to pay the defendant $1,000 if he received from the sale of the Green House property $1,000 more than the liens against it. Plaintiff contends that the words “out of his equity now in
 
 *638
 
 same” relate to the value of the property
 
 at the time of the
 
 agreement, to wit not more than $5,000; and further argues that since, at that time, the property was mortgaged for $10,000, there was no value to plaintiff’s “equity now in the same.” This contention cannot prevail. The mortgage was in existence at the time of the agreement. The payment to the defendant was to be made “if and when” the property was sold. The value of the plaintiff’s “equity” must be determined at the time of the sale.
 

 The plaintiff contends that his promise to pay $1,000 “out of his equity now in the same” does not create an equitable lien on the real estate or on the profits of the sale, and, as he phrases it, only gives the defendant “a doubtful basis of a debt in assumpsit.” Judge Bretheuick, writing for the court below, aptly stated that “Such an argument implies an admission that the entire provision ivas meaningless from the beginning; that it was simply a ruse, a stratagem and a colorable pretense, inserted for the purpose of beguiling and deceiving the wife-defendant. £So where an instrument is susceptible of two conflicting constructions, one of which imputes bad faith or fraud to one of the parties, and the other does not, the latter construction should be adopted. Every contract implies good faith and fair dealing between the parties to it.’ . . . The construction contended for by the plaintiff would render the covenant entirely ineffective; would, in fact, lead to an absurdity”; and that such construction will not be given without endeavoring to find an interpretation effectuating the reasonable result intended.
 

 'When the parties entered into this agreement it was known that the real estate was encumbered by a $10,000 mortgage. The parties intended that, if the real estate was sold so that the husband’s equity of redemption yielded $1,000, this sum should be paid to the wife. Such
 
 *639
 
 a sale was made, such a yield was liad, and the husband must perform the agreement.
 

 We agree with the court below that the phrase “out of his equity” refers to the equity of redemption, which in turn is, of course, title:
 
 Pennsylvania Company for Insurances on Lives and Granting
 
 Annuities,
 
 to use, v. Broad Street Hospital,
 
 354 Pa. 123, 128, 47 A. 2d 281. If the equity of redemption had not brought this sum, the plaintiff would have been relieved of his covenant. It did bring it and he is bound. If the word “equity” did not mean the equity of redemption, the only other construction of the word would be as colloquially used in credit statements, bailment leases and similar matters, to wit the excess of the value over encumbrances. If the prior encumbrances were judgments, the “equity” would be the interest or value of the property in excess of the liens:
 
 Des Moines Joint Stock Land Bank v.
 
 Allen, 220 Ia. 448, 261 N. W. 912;
 
 Pierson v. Bill,
 
 138 Fla. 104, 189 So. 679. The lien in question was a mortgage and defendant’s lien attached to the equity of redemption and also to the fund arising from plaintiff’s equity: Pomeroy’s Equity Jurisprudence, 5th ed., Sec. 1235.
 
 [1]
 

 Appellant raises the question that the agreement was-not entitled to be recorded, being acknowledged only by the wife. This has no relevancy because the husband, the wife, the purchaser and the trust company passing; the title, all had actual notice of the agreement.
 

 Appellant contends that judgment for the defendant should not have been rendered without giving plaintiff
 
 *640
 
 the right to amend. Neither in the court below nor in this Court did the plaintiff suggest any amendment which would overcome his difficulty. The plaintiff asked the court below to construe a written contract, and thus to decide a pure question of law. There being no other question before the court, the entry of final judgment was proper:
 
 Continental Title & Trust Company v. Devlin,
 
 209 Pa. 380, 384, 58 A. 843;
 
 Decker v. Williams,
 
 130 Pa. Superior Ct. 100, 103, 196 A. 910. Cf.
 
 Downey v. Duquesne City Bank,
 
 146 Pa. Superior Ct. 289, 22 A. 2d 124, and
 
 Paull v. Pivar,
 
 161 Pa. Superior Ct. 233, 53 A. 2d 826.
 

 Judgment affirmed.
 

 [1]
 

 “The doctrine ... in its most general form [is] that every express executory agreement in writing, whereby the contracting-party sufficiently indicates an intention to make some particular-property, real or personal, or fund, therein described or identified, a security for a debt or other obligation . . . creates an equitable lien-upon the property so indicated, which is enforceable against [it] . . . in the hands . . . [of] purchasers or encumbrancers with notice.”'