Murray, Appellant, *v.* Yoe.

Argued November 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis Vaira,* with him *Grant E. Wesner, Ernest G. Nassar,* and *Charles F. McKenna,* for appellants.

*Darlington Hoopes,* for appellees.

OPINION BY RENO, J., January 17, 1952:

Yoe and four others, for themselves and as representatives of 967 fellow workmen, (hereafter called the Employes), sued their employer Karl Lieberknecht, Inc., for $1950, claiming that sum had been improperly deducted from their wages for dues to the Union of which they were members. The employer, in a petition for an interpleader, acknowledged that it had in its possession $1950 which it had deducted from the wages of the Employes pursuant to a collective bargaining agreement between it and the United Steelworkers of America, C. I. O., an unincorporated association, and that the association had also instituted suit against it for the same dues. It disclaimed all interest in the fund, prayed for leave to pay the money into court, and for an order requiring the two claimants to interplead. The money was paid into court; the court below discharged the employer from further liability; and required the claiming parties to interplead, designating Philip Murray, international president of the Steelworkers and others as plaintiffs (hereafter called the Union) and the Employes as defendants. Thus the question is: Does the fund, consisting of deductions for union dues, belong to the Union or to the individual Employes?

The parties to the interpleader proceedings filed complaints, answers and replies, and at the conclusion of the pleadings the Union moved for judgment on the pleadings. The motion was denied upon the ground that the pleadings raised issues of fact which precluded a summary judgment. The Union appealed. The order will be affirmed.

Summary judgments may be entered only in clear cases and every doubt must be resolved against the entry of such judgment. *Rohm & Haas Co., v. Lessner*, 168 Pa. Superior Ct. 242, 77 A. 2d 675. While the

construction of a written contract generally presents a question of law for the court, *Wells v. Wells,* 166 Pa. Superior Ct. 635, 74 A. 2d 702, a summary judgment will not be entered where there are substantial disputes as to the facts. *Helfenstein v. Line Mountain Coal Co.,* 284 Pa. 78, 130 A. 301; *Pinkerton v. Solis,* 169 Pa. Superior Ct. 420, 82 A. 2d 525.

The agreement between the employer and the Union was executed on June 10, 1947, and was to continue until May 1, 1949. It required the employer. "on an employe's first pay day of each month, [to] deduct from the pay of such employee his union dues" and "forward deductions made each month to the" Union's Pittsburgh office. The deductions were made on May 6, 1949. In its pleadings the Union contended that the agreement terminated on that date, but in its brief furnished to this Court, it concedes that the date of termination is May 1, 1949, the date contended for by the Employes. But the parties still dispute this vital question of fact: Were the deductions on May 6, 1949, made for the payment of the dues for May or for April of 1949? The Employes claim the "dues deducted were. . . dues for the month of May"; the Union contends the deductions were for "dues for the month of April." The court below requested the parties to "stipulate facts relative to the circumstances surrounding the said deductions so as to aid the court in construing the contract", but they refused.

Until that fact is ascertained by trial or stipulation the contract will not be construed. Obviously, when the court below or this Court undertakes to construe the contract, it must be informed whether it is dealing with deductions for dues which accrued or became payable before or after the agreed date upon which the contract expired. The "facts relative to the circumstances surrounding the said deductions", as Judge HESS stated,

must be developed on the record before the contract will be construed. A court will not construe a contract in vacuo. A contract must be interpreted in the light of and in relation to established and relevant facts. In short, a factual situation must have been developed by testimony, admissions or stipulation to which a legal conclusion, that is, the judicial construction of the contract, can be applied and which it will govern.

The *Helfenstein* case, supra, p. 80, states the principle upon which we rest affirmance of the order of the court below: "Where the pleadings show an issue of fact essential to a case which can be determined only by a jury, it is not necessary, in disposing of a motion for judgment for want of a sufficient affidavit of defense, [or a motion for judgment on the pleadings], to pass on questions of law which may come up in the trial of the case; only such legal matters, if any, necessary to the disposition of the issue of fact involved will be considered. The reason is obvious. During the trial, or after the evidence is all in, the original view of the law may be somewhat modified or changed. That course will be followed here. The pleadings set forth a controversy which must be settled by oral testimony."

It should be noted that since the order to interplead was entered the Supreme Court has held that in cases of this character the proper practice is to designate all claimants as plaintiffs and the fund or the property as defendant. Thus, this case should be captioned Yoe and others, (naming them) and Murray and others, (naming them), plaintiffs, vs. $1950, defendant. *Slavin v. Slavin,* 368 Pa. 559, 84 A. 2d 313, decided November 13, 1951.

Order affirmed with procedendo.