## Gedeon *v.* Shoup, Appellant

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Paul N. Barna,* for appellant.

*Lloyd O. Hart,* with him *J. E. Jack,* for appellee.

OPINION BY RENO, J., July 17, 1952:

Magdalena Shoup, appellant, instituted assumpsit in the court below against the Equitable Life Assurance Society of the United States upon an insurance policy on the life of her father, Andrew A. Gedeon, wherein his wife, Amalia, was the original beneficiary. After her death, his son, Peter L. Gedeon, was substituted as beneficiary, and subsequently Andrew formally requested the insurance company to substitute Magdalena as the beneficiary.

Meanwhile Peter had brought suit upon the same policy in Crawford County. The insurance company filed a petition for an interpleader in Washington Coun-

ty and was permitted to pay the proceeds of the policy into the office of the prothonotary. An issue was framed wherein Peter became plaintiff and Magdalena defendant.[1] Proceedings ensued and pleadings were filed, which need not be specifically enumerated, and finally the court below entered judgment for Peter for want of a sufficient answer.

As stated, Peter was the last named beneficiary upon the face of the policy. Magdalena claimed as a beneficiary upon the basis of facts set forth in her several answers which, when challenged by a motion for judgment, must be accepted as verity. Andrew had been living with his son Peter, and when the son ordered his father out of his house, he went to live with Magdalena. Immediately he took steps to change the beneficiary from Peter to Magdalena by executing a request on the form furnished by the company. It was duly signed, witnessed, acknowledged, and forwarded to the company, which informed Andrew that he should submit the policy to it for endorsement thereon of the change of beneficiary.[2] Andrew was unable to comply with the company's direction, for Peter had possession of the policy and refused to deliver it to his father. Shortly thereafter Andrew, then 78 years of age, became weak-minded and, seven months after he had executed the request for the change of

---

[1] Although the order was entered on December 3, 1947, long after the effective date of Pa. R. C. P. No. 2304, the form of the order there prescribed was not followed.

[2] The policy provided: ". . . such change [of beneficiary] to take effect upon the endorsement of the same upon the policy by the Society." Whether payment by the company into court of the proceeds of the policy constituted a waiver of the provision, compare *Skamoricus v. Konagiskie*, 318 Pa. 128, 177 A. 809, with *Grant v. Faires*, 253 Pa. 232, 97 A. 1060. Some of the cases cited in note 3, infra, also discuss this question.

beneficiary, was committed to a mental hospital where he remained until his death.

It can be argued, on the basis of expressions in several authorities,[3] that Andrew had sufficiently evinced his intention to effect a change of his beneficiary and that, in the attendant circumstances, particularly his mental condition, he did everything reasonably possible for him to accomplish it. To the contrary, it might be contended, and the appellee relies upon this point, that the lapse of seven months between his formal request and his commitment to a mental health hospital, during which period he seemingly did nothing,[4] indicated a purpose to abandon the project. Whether he actually abandoned or changed his first intention might well depend upon the state of his mental health in the interim. The pleadings raise factual questions and they are issues for the determination of a jury. In any event, the pleadings do not present a case clear and free of doubt and all doubts must be resolved against the entry of a summary judgment.

"The pleadings do not present a case that is clear and free from doubts and in such circumstances a summary judgment is improper: Peabody v. Carr, 316 Pa. 413, 175 A. 378. 'Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy':

---

[3] See, e.g., *Cody v. Metropolitan Life Ins. Co.*, 334 Pa. 137, 5 A. 2d 887; *Skamoricus v. Konagiskie*, 318 Pa. 128, 177 A. 809; *Brauner v. Corgan*, 316 Pa. 196, 173 A. 397; *Ruggeri v. Griffiths*, 315 Pa. 455, 173 A. 396; *Riley v. Wirth*, 313 Pa. 362, 169 A. 139; *Sproat v. Travelers Ins. Co.*, 289 Pa. 351, 137 A. 621; *Potter Title & Trust Co. v. Carlson*, 160 Pa. Superior Ct. 38, 50 A. 2d 28.

[4] Except that, possibly, he made another demand upon Peter for the policy. Appellant's answers do not clearly indicate whether the insured *again* demanded return of the policy *after* the company had notified him that the change of beneficiary must be endorsed thereon.

Helfenstein v. Line Mount. Coal Co., 284 Pa. 78, 81, 130 A. 301. Unquestionably a full inquiry into the facts of this case is essential to a proper determination of the issues involved": *Kittaning Coal Co. v. Moore,* 362 Pa. 128, 132, 66 A. 2d 273. See also *Murray v. Yoe,* 170 Pa. Superior Ct. 348, 85 A. 2d 623; *Pinkerton v. Solis,* 169 Pa. Superior Ct. 420, 82 A. 2d 525; *Rohm & Haas Co. v. Lessner,* 168 Pa. Superior Ct. 242, 77 A. 2d 675; *Lacy v. East Broad Top R. R. and Coal Co.,* 168 Pa. Superior Ct. 351, 77 A. 2d 706.

We express no opinion herein concerning the applicable principle of law governing the substantive merits of the case. "Where the pleadings show an issue of fact essential to a case which can be determined only by a jury, it is not necessary, in disposing of a motion for judgment for want of a sufficient affidavit of defense, to pass on questions of law which may come up in the trial of the case; only such legal matters, if any, necessary to the disposition of the issue of fact involved will be considered. The reason is obvious. During the trial, or after the evidence is all in, the original view of the law may be somewhat modified or changed. That course will be followed here. The pleadings set forth a controversy which must be settled by oral testimony": *Helfenstein v. Line Mountain Coal Co.,* 284 Pa. 78, 80, 130 A. 301.

Since the case must go to trial, attention is called to *Slavin v. Slavin,* 368 Pa. 559, 84 A. 2d 313, decided *after* the court below had entered the instant judgment. The case clarifies and explains the Rules of Civil Procedure so far as they relate to interpleaders, and expressly overrules the line of cases upon which counsel for appellee, and perhaps the court below, relied. Unless the parties otherwise agree, the issue should be reframed so that both Peter and Magdalena become *alternate plaintiffs* with the fund as defend-

ant, and the court will charge the jury in terms consonant with the statements therein concerning the burden of proof.

Judgment reversed with procedendo.