## Pychinka v. Keystone Home Improvement Co.

*J. C. Lanshe*, for plaintiff.

*W. N. Kanehann, Jr.*, for defendant.

HENNINGER, P. J., November 7, 1955.—Plaintiff has sued defendant for $850 for breach of warranty in a contract for siding plaintiff's house. The contract is dated September 9; 1947, the breach became apparent in October, 1949, and suit was started July 1, 1954.

Defendant denied the warranty and furthermore pleaded the statute of limitations, to which plaintiff replied that the breach occurred in October 1949. Defendant has moved for judgment on the pleadings.

As to the existence of a warranty, the contract has across its face the words "Guaranteed job". These words appear to be unrelated to what goes before or follows after, but they are a part of the contract. The contract later states, "No representation or warranty of any kind shall be binding upon either party hereto, unless it has been incorporated in this agreement".

Without citing any authority therefor, defendant asks us to find that the words "Guaranteed job" are mere puffing. It also asks us to find that it is not a warranty because the word "warranty" itself is used later and if a warranty had been intended, that word would have been used.

A glance at any etymological dictionary will show that the words guarantee and warranty are exactly the same, depending upon whether the form has come down through Old Norman French, which uses the

"w" or through French itself which uses the "gu" or simply "g". If there are slight differences in connotation between the two words today, surely these nuances in meaning were not apparent to the parties to this contract.

Keystone, therefore, guaranteed something and in writing and to the extent that there was a guarantee in writing, the later clause against oral warranties is inoperative.

Assuming that the contract was prepared by defendant, it would be construed most strongly against it. On the other hand, being stated in the vaguest of terms, it cannot be construed beyond its very language.

In our opinion, "Guaranteed job" implies that the work shall be done in a good and workmanlike manner and that the material will comply with the description in the contract. Sales Act of May 19, 1915, P. L. 543, sec. 14 and 15, 69 PS §§123 and 124.

Both parties agree that if the action is for breach of warranty, the statute of limitations begins to run from the date of damage to plaintiff by reason of such breach. Foley, Executrix, v. The Pittsburgh-Des Moines Co. et al., 363 Pa. 1, 38.

It is true that this is a stale case, even if within the statute of limitations, and that upon trial, it may appear that the statue may in fact have run, depending upon the nature of the breach if any.

Since, however, judgment is to be entered upon the pleadings only in the clearest of cases (Pinkerton v. Solis, 169 Pa. Superior Ct. 420, 421; Gedeon v. Shoup, 171 Pa. Superior Ct. 92, 96), we feel that this issue should go to trial. Upon full presentation of plaintiffs' case, we shall be in a better position to determine whether the statute has in fact run against them.

Now, November 7, 1955, defendant's motion for judgment on the pleadings is denied and the case may proceed to trial upon praecipe of either party.