## Montella v. Montella

*Cochrane & Van Dyke*, for plaintiff.

*McClenachan, Blumberg & Levy*, for defendant.

SWENEY, J., March 23, 1959.—Plaintiff brings this action in equity to enforce a marriage settlement agreement, and the case comes now before the court on defendant's preliminary objections in the nature of a demurrer, specifying that plaintiff has an adequate remedy at law and that plaintiff fails to set forth a cause of action which entitles her to relief in equity.

The specific provision in the settlement agreement, which plaintiff contends that defendant is not fulfilling, is as follows:

"3. *Real Property.* HELEN and NEIL presently hold title as husband and wife, as tenants by the entireties, of a home and premises commonly known as 240 West Twenty-first Street, Chester, Delaware County Pennsylvania. In consideration of the covenants herein contained, NEIL within ten (10) days of the execution hereof shall convey by fee simple deed, all his right, title and interest in and to the said home and premises to HELEN, and shall within five (5) years of the date of execution hereof pay and fully discharge a present mortgage on the said home, being in the sum of $4500.00 more or less, and any and all other liens and encumbrances, the intent being that HELEN shall own said premises free and clear of all mortgages, liens and encumbrances. In addition thereto, NEIL shall pay, or cause to be paid, all utility bills promptly when the same shall become due with respect to the said marital home and premises, including all bills for electricity, water, fuel, heat, telephone, taxes due the county, city, school district, or other governmental authority, and all similar bills and charges, commencing from the date of execution hereof and con-

tinuing until his minor daughter, Candace, born September 22, 1950, shall attain her eighteenth birthday or shall be married or become fully self-supporting, or HELEN shall re-marry."

The property was deeded to plaintiff by defendant, but defendant has failed to make monthly payment on the mortgage as required by the terms thereof, and foreclosure is imminent because the mortgage is in default.

Plaintiff contends that, since the intent of the settlement agreement is that plaintiff "shall own said premises free and clear of all mortgages, liens and encumbrances" at the expiration of five years, there must be no foreclosure, which can be prevented only by complying with the terms of the mortgage. Defendant contends that, under the settlement agreement, he has five years to pay off the mortgage.

Our courts have laid down certain rules of construction for the interpretation of settlement contracts. ". . . We should adopt that interpretation which, under all the circumstances of the case, ascribes the most reasonable, probable, and natural conduct to the parties: 12 Am. Jurisprudence, p. 754, §231. Where doubt exists as to the interpretation of the contract, it being prepared by one party thereto, upon the faith of which the other has incurred an obligation, we shall adopt that interpretation which shall be favorable to the latter. It must be construed with some degree of strictness against the party preparing it: Heffner v. First National Bank of Huntingdon, 311 Pa. 29, 33, 166 A. 370: in other words, a contract is to be taken most strongly against the party on whom the obligation rests: R. C. L. p. 854; Pennsylvania Railroad Co. v. Pennsylvania-Ohio Electric Co., 296 Pa. 40, 48, 145 A. 686. 'Every agreement is to be interpreted and construed with reference to the circumstances under which the parties contract: Coulter, J., in Callen v.

Kilty, 14 Pa. 286, 288. The words of a grant are to receive a reasonable construction, and one that will accord with the intention of the parties; and, in order to ascertain their intention, the court must look at the circumstances under which the grant was made: Connery v. Brooke, 73 Pa. 80, 83. A contract should be construed in the light of the surrounding circumstances and the objects manifestly to be accomplished: . . .' ": Wiegand v. Wiegand, 349 Pa. 517, 520 (1944).

As to defendant's contention that plaintiff has an adequate remedy at law, "while equity will not ordinarily decree specific performance of a contract for the transfer of chattels or interests therein, it will do so where special and peculiar reasons exist such as render it impossible for the injured party to obtain adequate relief by way of damages in an action at law. . .": Zlotziver v. Zlotziver, 355 Pa. 299, 304 (1946).

In our opinion, a suit for damages by this wife for the monetary value of the marital home would be an inadequate remedy and would be contrary to the intent of the parties as expressed in the property settlement agreement. Once equity jurisdiction attaches to one phase of the controversy, the court may grant relief to all other terms of an indivisible contract.

The issue here is a narrow one; since the agreement gives defendant five years to pay off the mortgage, although the terms of the mortgage, executed by the parties here, provide for monthly payments, must plaintiff suffer the loss of her property because of the failure of the settlement agreement to take into consideration the terms of the mortgage? Or because of this supposed defect in the settlement agreement, must plaintiff make the monthly payments to prevent foreclosure and wait for the five-year period to be paid back by defendant? We think not. We have only the property settlement agreement and its effect; it is

necessary to ascertain the intention of the parties as expressed in the agreement and to carry out that intention as nearly as can be done.

A careful reading of all component parts of paragraph 3 of the agreement discloses that the expressed intent of the discharge of the mortgage in five years is that the wife "shall own said premises free and clear of all mortgages, liens and encumbrances." Clearly, if the terms of the mortgage are not complied with and through nonpayment, a foreclosure takes place, there will be no mortgage to pay off in five years, and the wife will not own the premises "free and clear." Moreover, provision is made for the payment by the husband of all utility bills, taxes and similar bills on this "marital home and premises" until a minor daughter, born in 1950, attains her eighteenth birthday, marry or become fully self-supporting, or if the wife should remarry.

The court concludes that at this stage of the pleadings, the only reasonable construction of this paragraph is that the parties intended that the husband would maintain this home for his wife and minor child until one of the contingencies provided for happens, and he must meet all financial obligations that would assure retention of said premises. Logically, it follows that if monthly payments on the mortgage are necessary to prevent default, defendant is under an implied agreement to make said payments.

The court does not agree with defendant's contention that this agreement is ruled by the holding in Schotte v. Meredith, 138 Pa. 165 (1890). There is a clear distinction between this case and the case at bar. In the Schotte case, there was a clear agreement that vendor might pay two thousand dollars "at any time within ten years." In the case at bar, there is the complication of a mortgage executed by the parties hereto as husband and wife which, by foreclosure, would up-

set the clear purpose of the agreement. Here, we must construe the agreement in such a manner as to effectuate a reasonable result: Wells v. Wells, 166 Pa. Superior Ct. 635.

As is stated in 27 C. J. S., Divorce, §301:

"The cardinal rule to be applied in determining the effect of property settlement agreements is to ascertain the intention of the parties as expressed in the agreement, and to carry out such intention as nearly as may be done without violence to the language used . . ."

While parol evidence may not be introduced to vary the terms of a written instrument, oral testimony may be received to explain the surrounding circumstances of its execution. Since the court cannot say as a matter of law that defendant has five years in which to make a payment on the mortgage, it follows that the preliminary objections must be dismissed. At final hearing, testimony may be helpful to the court in interpreting this property settlement agreement.

### Decree

And now, March 23, 1959, it is ordered and decreed that the preliminary objections filed herein by defendant be, and the same are hereby, dismissed; defendant is directed to file an answer within 20 days from the date of this decree; an exception is noted for defendant.