## Arcuri v. Weiss

*Krimsky & Goichman,* for plaintiff.

*Blanc, Steinberg, Balder & Steinbrook,* for defendant.

PIEKARSKI, J., August 10, 1959. — This matter came before us on plaintiff's motion for judgment on the pleadings in the amount of $500 plus interest claimed in his complaint and for judgment for plaintiff on defendant's counterclaim. We denied plaintiff's motions. From this action plaintiff took his appeal.

The pleadings consist of plaintiff's complaint, defendant's amended answer to complaint, new matter and amended counterclaim, plaintiff's answer to new matter and reply to amended counterclaim and new matter to defendant's amended counterclaim.

The complaint avers: Plaintiff gave defendant $500 by check as a "tentative deposit on a tentative purchase of the premises 1415 City Avenue, Philadelphia"; further, the said $500 was "given only as a tentative gesture pending the determination of the parties as to whether they would enter into a binding contract for the sale of a restaurant, fixtures, . . . of the aforesaid premises at 1415 City Avenue"; that the parties decided "not to enter into the deal". Plaintiff demanded return of the $500.

The answer denied plaintiff's allegations, and avers that the $500 was a firm deposit and payment on account of the purchase by plaintiff of the business, etc., including the name under which the business operated, that a memorandum, pending a formal written agreement, "was signed and prepared by plaintiff's duly authorized agent . . . and endorsed on said agent's check."

By reason of the failure of plaintiff to make settlement, defendant avers a loss of $2,500 for which he counterclaims, to which plaintiff answers by setting up, inter alia, the statute of frauds applying to personal property and to real estate: Paragraphs 16 and 17.

A motion for judgment on the pleadings can be granted only where the right is clear and free from doubt (Waldman v. Shoemaker, 367 Pa. 587), and we must accept as true, for the purpose immediately before us, the averments of the opposing party.

Where the facts are in dispute so that the relationship between the parties demands an inquiry into the

facts of the controversy, the matter should go to trial: Helfenstein v. Line Mountain Coal Co., 284 Pa. 78.

It is significant that plaintiff in his new matter to defendant's amended counterclaim sets up the statute of frauds applicable to real estate. We mention this, at this time, to show that plaintiff's own pleadings appear indefinite. Does plaintiff's complaint contend that the tentative deposit was for the purchase of premises 1415 City Line Avenue, as real estate, or for the purchase of the personal property thereon? On this point inquiry of the facts is necessary, for plaintiff's own contention becomes ambiguous.

Was this a tentative deposit on a tentative purchase or was this an actual sale of some personalty by a firm deposit evidenced by a signed written memorandum of the parties? The pleadings raise this issue, and again, on this point too, inquiry of the facts, specifically, the intention of the parties and the effect of their acts, is necessary.

Was this a purchase of goodwill only? Again, this is a subject of factual inquiry.

Plaintiff's complaint alleges that the parties "decided not to enter into the deal." This ·defendant's answer denies. On this point, inquiry into the facts is necessary. Without anything else, this point raises such a question of fact that its submission to a fact-finding body is required. And since, for the purpose of the immediate matter before us, we must accept the denial of the averment as verity, it would have been error for us to have granted plaintiff's motion. If, as plaintiff alleges in his complaint, both parties "decided not to enter into the deal," then plaintiff would be entitled to the return of his deposit. But that averment can only be established by a fact-finding body and until that be done all other involvements are premature. On this very point, it is significant that defendant pleads the entry by the parties into an agreement on April 12,

1958, under the terms of which plaintiff agreed to purchase the goodwill, fixtures and equipment for the sum of $10,000 of which $500 was paid on account, and the balance was to have been paid: $3,000 at settlement and by 30 monthly payments.

The pleadings do not present a case clear and free from doubt. Consequently, this is not a case for summary judgment. Where questions essential to the nature of the arrangement between the parties become by the pleadings disputed matters of fact whose determination is dependent upon evidence before a trier of fact, no summary judgment should be entered.