## Connecticut General Life Insurance Co. v. Gelona

*High, Swartz, Roberts & Seidel,* for plaintiff.

*Wisler, Pearlstine, Talone & Gerber,* for exceptant.

*Harry M. Sablosky,* for California Growers Wineries.

FORREST, J., February 2, 1961.—John F. Crisconi, a judgment creditor of defendants, filed these exceptions to the sheriff's schedule of distribution, which provides for payment of costs and taxes, and for the

balance to go to California Growers Wineries by virtue of a declaration of trust which was recorded prior to the entry of exceptant's judgment. No depositions were filed. The matter has been submitted to the court on the records in the office of the prothonotary and in the office of the recorder of deeds of this county.

### Findings of Fact

1. On November 17, 1947, defendants, Stephen F. Gelona and Alice V. Gelona, his wife, acquired title to certain premises known as 1424 Remington Road, Penn Wynne Park, Lower Merion Township, this county, by deed recorded in the office for recording of deeds in and for this county in deed book no. 1882, page 25.

2. Plaintiff, Connecticut General Life Insurance Company, took a mortgage on the property from defendants, which mortgage was recorded in the office for the recording of deeds aforesaid, in mortgage book no. 1986, page 101, on December 4, 1947.

3. On November 1, 1952, defendants executed and delivered a declaration of trust in favor of California Growers Wineries (hereinafter called Wineries). This declaration recited that defendant-husband "is indebted" to Wineries in the sum of $12,500 and has promised to repay said sum in two installments of $6,250 each, within four months and eight months, respectively, from said date, with interest at four percent per annum; that in order to secure payment, defendant, on the date of the declaration of trust, executed and delivered two judgment notes in amounts and dates corresponding with the aforesaid promise; that "in order to obtain an extension of time for the payment of said obligation to (Wineries), it is the intention and desire of the parties to further secure the payment thereof by the said (mortgage) real estate premises; Now, THEREFORE, in consideration

of the foregoing and of the extension of time for the payment of said obligation, (defendants) agree, acknowledge and declare as follows: (defendants) hold, and will hold, any legal interest or title in and to real estate premises No. 1424 Remington Road, etc. (described by metes and bounds as in deed book No. 1882, page 25) in trust for (Wineries) to the extent of the aforesaid obligation or any unpaid balance thereof," with the provisio that if defendants paid the obligation in full, in accordance with the terms and conditions as agreed upon as aforesaid, the "declaration of trust and interest hereby declared shall cease, determine and become void," and Wineries would return the judgment notes marked "satisfied in full." The declaration of trust was recorded on November 28, 1952, in deed book no. 2327, page 559, etc.

4. On November 9, 1954, exceptant, John P. Crisconi, obtained judgment against defendants in this court, which was entered in judgment docket T-6, page 320. Within five years thereafter, action was duly instituted to revive this judgment and judgment of revival was entered on December 7, 1959.

5. Plaintiff instituted this action of mortgage foreclosure against defendant as of no. 87, November term, 1959. On December 18, 1959, plaintiff took judgment in the sum of $3,608.15, for want of an answer. On the same day, plaintiff caused a writ of levari facias to issue as of the above-captioned term and number. The sheriff sold the property at sale held on March 2, 1960, to California Growers Wineries for $16,000.

6. The sheriff filed his schedule of distribution showing, after payment of costs, transfer taxes, real estate taxes, sewer rent and satisfaction of the writ, the following: judgment, Broad Street Trust Co., $6,041.66; declaratory trust, California Growers Wineries, $5,570.68; which two items completed the exhaustion of the proceeds of the sheriff's sale.

7. On May 12, 1960, Mr. Crisconi filed four exceptions to the sheriff's schedule of distribution. The first and only exception which he presses is that ". . . the declaration of trust . . . was and is ineffective as a lien on the real estate. . . ."

The proceeds of sheriff's sale of realty are distributed according to law and equity, pursuant to the Act of June 16, 1836, P. L. 755, sec. 86, 12 PS §2661: Farmers Nat. Bank of Pennsburg v. Kern, 77 Montg. 80 (1960).

The doctrine of equitable liens should be invoked in appropriate cases. " 'The doctrine . . . in its most general form, [is] that every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation . . . creates an equitable lien upon the property so indicated, which is enforceable against [it] . . . in the hand . . . [of] purchasers or encumbrancers with notice' ": Wells v. Wells, 166 Pa. Superior Ct. 635, 639 (1950), quoting 4 Pomeroy's Equity Jurisprudence, §1235 at 696 (5th ed. 1941). See also Hurley v. Ashbridge, 55 Pa. Superior Ct. 523 (1914), where the court stated, at page 527: "It is sufficient if it plainly appears that the parties intended to pledge the fund and appropriate it to a particular purpose and have entered into some instrument calculated to evidence and execute that intention." And, at page 528: "So in Day and Sharpe's Est., 21 Sup. Ct. Rep. 118, it was said: 'An equitable assignment is an agreement in the nature of a declaration of trust which a chancellor never hesitates to execute when it has been made on a valuable, or even good, consideration. . .' "

This leads to exceptant's principal contention that the declaration of trust was only a gratuitous promise unsupported by consideration, and hence unenforceable

in a court of equity. It has long been decided, and apparently settled, that " 'Unless the contract has been founded on a valuable or other meritorious consideration, or what is so considered in a court of equity, as the payment of debts, a specific performance will not be decreed . . .' An executory contract must have a consideration to support it, without which equity will no more execute it than the law would make the breach of it the subject of compensation": Carhart's Appeal, 78 Pa. 100, 119 (1875).

In the instant case, it is to be noted preliminarily that the declaration of trust is not executory and Wineries is not seeking specific enforcement. The declaration created an express trust and no decree of court is needed to impress the real estate with that which has already been expressly created. Also, reference must be made to the part that the rule that equity will not execute an unexecuted contract is subject to two exceptions: (1) In the case the contract is founded on a valuable consideration, or (2) in case the consideration is a past debt.

". . . recitals in deeds . . . may be received in evidence, not only against the grantor, but against all persons claiming through or under him, because such persons succeed to his title and represent him": 1 Henry, Pa. Evid. 4th Ed., §91 at page 130. In this case the declaration of trust expressly recites that the consideration therefor was the extension of time for the repayment of the obligation of $12,500. In this instance, we think it is manifest that the recital contained a statement of fact, not fiction, and hence that there was valuable consideration for the declaration of trust. An extension of time for the payment of a debt is good and valuable consideration: Hurley v. Ashbridge, supra.

Finally, we discern no injustice or inequity in enforcing the declaration according to its terms. The

intent and purpose of the recording acts will not be frustrated. Mr. Crisconi did not obtain a judgment until almost two years after the declaration of trust was recorded. He has neither alleged nor proved that the declaration of trust was invalid, as a voidable preference under the bankruptcy act or for any other reason.

The declaration of trust, as employed in this case, is an uncommon form of security device in Pennsylvania. Nevertheless, the instrument was recorded, the intent and purpose of the recording acts have been fulfilled, and the rights of third parties have not been prejudiced. At least, exceptant has not shown any prejudice to his rights. Therefore, since the declaration of trust is lawful and enforceable, and since the intent and purpose to secure the loan are clear and unambiguous, the instrument should be effectuated according to its terms.

*Order*

And now, February 2, 1961, the exceptions to the sheriff's schedule of distribution are dismissed.