## METHODIST EPISCOPAL HOSPITAL v. PACIFIC TRANSPORT CO.

(District Court, N. D. California, First Division. September 30, 1920.)

No. 16899.

1. Seamen ☞29(5)—Injured seaman can recover from shipowner for hospital and medical treatment on shipowner's failure to furnish treatment.

Seaman, injured while in service of shipowner, can recover from shipowner the reasonable value of hospital and medical treatment furnished, at his request, on shipowner's failure to furnish such treatment, where amount thereof has not been paid to hospital by shipowner.

2. Seamen ☞11—Hospital can recover from shipowner reasonable value of treatment furnished injured seaman.

Hospital can recover from shipowner reasonable value of treatment furnished seaman, injured while in shipowner's service, at seaman's request, on shipowner's failure to furnish treatment.

3. Admiralty ☞13 — Hospital's libel against shipowner for treatment furnished injured seaman held maritime action.

Libel by hospital against shipowner for reasonable value of hospital treatment, furnished at request of seaman injured in service of owner, is a maritime action.

In Admiralty. Libel by the Methodist Episcopal Hospital against the Pacific Transport Company. On exceptions to libel. Exceptions overruled.

Silas B. Axtell, of New York City (Alden Ames, of San Francisco, Cal., of counsel), for libelant.

McCutchen, Willard, Mannon & Greene, of San Francisco, Cal., for respondent.

DOOLING, District Judge. This is a libel by a hospital against a shipowner to recover the reasonable value of hospital treatment furnished at the request of a seaman who had been injured while in the service of such shipowner. The libel avers the ownership of the vessel by the respondent, the fact that one Hanrahan was employed as a seaman on board such vessel; that while so employed he was injured; that he was in need of hospital and surgical care, attendance, and nursing; that respondent failed in its duty to furnish him with such medical or surgical care and treatment during the period of his disability; and that at his special instance and request libelant furnished such care and treatment of the reasonable value of $151.50, no part of which has been paid to libelant, although duly demanded of respondent.

[1] There is no doubt that under the averments of this libel the seaman, Hanrahan, would be entitled to recover from respondent the reasonable value of the hospital and medical treatment accorded him and for which he became liable to the libelant.

The grave question is whether libelant by subrogation is placed in the same position as to a right to recover as that occupied by the injured seaman. It is a new question opening up a wide field, but I see no reason for holding that, because such action has not heretofore been attempted, it is therefore incapable of being maintained. The rule that the shipowner is bound for the expense of maintenance and care of an injured seaman is one established for the benefit of the latter, and, if the owner fails to furnish maintenance and medical treatment, the real benefit to the seaman may be lost through his inability to secure such maintenance and treatment upon his own credit.

[2, 3] It would be a defense to this action, if maintainable at all, to show that the amount claimed had already been paid to the seaman. I see no reason why it would not equally be a defense to an action by the seaman to show that the amount had been paid to the hospital. In either event the amount due, whether due to the seaman or the libelant, is so due because libelant furnished the seaman care and treatment which should have been furnished by respondent, and whether paid to the seaman or directly to libelant should ultimately reach the latter. As I have said, the question presented is a new one, but I am inclined to the belief that the action may be maintained. The subject-matter of the action is clearly maritime, and the action is not barred by laches.

The exceptions to the libel are therefore overruled.