**Maria REY, Libelant-Appellant,**

v.

**PENN SHIPPING CO., Inc., Respondent-Appellee.**

**No. 287, Docket 25998.**

United States Court of Appeals Second Circuit.

Argued April 4, 1960.

Decided April 29, 1960.

Silas B. Axtell, New York City, for libelant-appellant.

Victor S. Cichanowicz, New York City (Joseph T. Wynne, Cichanowicz & Callan, New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and HINCKS and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

Andres Galban, a Spanish seaman, was a member of the crew of the SS Penn Explorer owned by respondent. Galban suffered injuries while the vessel was sailing from Norfolk to Hamburg. Respondent returned Galban to New York where Galban was hospitalized. After his discharge he was unable to work and continued to receive medical treatment in Newark. Libelant alleges that during this period she furnished Galban with room and board having a value of $702. On a motion to dismiss Judge Cashin held libelant had no claim against the respondent and therefore dismissed the libel as insufficient in law.

The question is whether a person who furnishes to a seaman on credit items which the seaman would be entitled to recover in a suit for maintenance and cure may proceed directly against the vessel or her owner. We hold he may not.

Persuasive evidence that a purveyor of goods or services to a seaman entitled to maintenance and cure may not himself sue the ship or her owner is found in the fact that although the seaman's right can be traced back to Eleanor of Aquitaine and the twelfth century, see 30 Fed.Cas. pages 1171, 1174–1175, there appears to have been no instance until the third decade of the twentieth wherein a third person sought to collect directly from the ship. In view of the uncomplimentary references by the admiralty to the "habits of gross indulgence, carelessness and improvidence" of its wards, Harden v. Gordon, C.C.D.Me.1823, 11 Fed.Cas. pages 480, 483, No. 6,047, this lack of precedent can hardly be explained on the basis that seamen have always been punctilious in discharging their obligations. The few cases in which a direct right of action has been asserted are divided, Methodist Episcopal Hospital v. Pacific Transport Co., D.C.N.D.Cal.1920, 3 F.2d 508, sustaining the action, and Cheng v. Ellerman Lines, Ltd., D.C.E.D. N.Y., 1926 A.M.C. 1038, and Hegsted v. Standard Transportation Co., D.C.S.D. N.Y., 1934 A.M.C. 190, rejecting it.

We need not debate how far Mr. Justice Story's statement in Harden v. Gordon, supra, 11 Fed.Cas. at page 481, that the shipowner's duty to furnish the seaman maintenance and cure "constitutes, in contemplation of law, a part of the contract for wages" has been modified by Mr. Justice Cardozo's opinion in Cortes v. Baltimore Insular Line, Inc., 1932, 287 U.S. 367, 372, 53 S.Ct. 173, 174, 77 L.Ed. 368, that the duty "is one annexed by law to a relation, and annexed as an inseparable incident without heed to any expression of the will of the contracting parties." For even if the duty were purely contractual, we would see no basis for permitting it to be enforced by a person who has supplied the seaman with services or supplies on credit that might properly figure in the seaman's own recovery. None of the three theories on which libelant bases her claim—status as a creditor beneficiary, quasi contract, and subrogation—will sustain it. Whatever contract with respect to maintenance and cure existed between the shipowner and the seaman was made for the benefit of the seaman and not of the seaman's creditors. This Court said long ago that "whatever may be the correct theory" as to permitting a third party to sue upon the contract of others, "one

thing is essential to the right and that is that the third person be the real promisee—that the promise be made to him in fact although not in form. It is not enough that the contract may operate to his benefit. It must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise." Pennsylvania Steel Co. v. New York City Ry., 2 Cir., 1912, 198 F. 721, 749. There is no basis for quasi-contractual recovery; the ship and its owner will not be unjustly enriched by denial of libelant's claim since they remain liable to Galban and Galban remains liable to libelant. The relation of suretyship essential for subrogation is likewise absent; libelant was in no way bound to discharge the shipowner's liability to Galban. 4 Williston, Contracts, § 1211 (rev. ed. 1936).

Libelant asserts that failure to allow a direct action to a creditor who has furnished essentials to a seaman during the period when the seaman was entitled to maintenance and cure may impair the seaman's ability to obtain these; respondent counters with fears that recognition of a direct right of action might cause seamen to be victimized by boardinghouse keepers. We have no occasion to weigh the relative force of these considerations. It is enough for us that in the long history of maintenance and cure only a single lower court case seems to have recognized a right of direct action by a third party and that we can find no legal theory to support this.

Respondent advanced as an alternative ground for dismissal that Galban had obtained a judgment in the Municipal Court of the City of New York, awarding him $228 for maintenance and cure during a part of the period to which libelant's claim relates. It contends this judgment would bar libelant's claim even though the judgment is under appeal. In view of the broader ground on which we have rested our conclusion we do not find it necessary to consider this, although it illustrates the problems that recognition of a direct action would create. Judgment affirmed.