Sergio DeGIOIA, Plaintiff,

v.

UNITED STATES LINES COMPANY, Defendant and Third-Party Plaintiff,

v.

AMERICAN STEVEDORES, INC., and Imparato Stevedoring Corp., Third-Party Defendants.

Civ. No. 19011.

United States District Court E. D. New York.

June 27, 1961.

628

Kramer & Dillof, New York City, for Sergio DeGioia.

Kirlin, Campbell & Keating, New York City, for United States Lines Co.

George J. Conway, New York City, for American Stevedores, Inc.

William J. Kenney, New York City, for Imparato Stevedoring Corp.

MISHLER, District Judge.

In the trial of the above causes before the Court and Jury, a verdict was rendered in favor of the plaintiff stevedore in the sum of Eighty Thousand ($80,-000.00) Dollars against the defendant shipowner and in favor of the third party plaintiff shipowner and against the third party defendants in the sum of Eighty Thousand ($80,000.00) Dollars.

The third party defendant, American Stevedores, Inc., alleges that the said third party defendant was engaged in the performance of a stevedoring contract entered into between the said third party defendant and the United States of America; that under the terms of said agreement, the said third party defendants "* * * agreed to be responsible for and to hold United States Lines Company harmless from any and all loss, damage * * * etc." Actually, the agreement between the third party defendant and the United States of America was one agreeing to be liable to the Government and to save the Government harmless from any and all loss or damage occasioned by the negligence of the said stevedore. (Contractor) [1]

In the third party complaint against third party defendant, Imparato Stevedoring Corp., the said complaint alleges that while the said third party defendant was engaged in the performance of stevedoring work pursuant to an agreement entered into between the said third party defendant and the United States of America, the said stevedore committed an act of negligence and that the said

---

1. Clause 12. *Liability and Insurance.* a. The Contractor (1) shall be liable to the Government for any and all loss of or damage to cargo, vessels, piers, or any other property of every kind and description, and (2) shall be responsible for and shall hold the Government harmless from any and all loss, damage, liability and expense for cargo, vessels, piers, or any other property of every kind and description, whether or not owned by the Government, or bodily injury to or death of persons occasioned either in whole or in part by the negligence or fault of the Contractor, his officers, agents, or employees in the performance of work under this contract.

third party defendant " * * * agreed to be responsible for and to hold United States Lines Company harmless for any and all loss, damage * * * etc." Again the save harmless clause and the agreement to be liable for any loss or damage was expressly in favor of the United States of America.[2]

The third party complaint further alleges that the United States Lines Company " * * * is entitled to indemnification as a third party beneficiary under the aforesaid contract between the United States of America and the third party defendant, Imparato Stevedoring Corp."

In both third party complaints, the said third party plaintiff prays for " * * * the full extent of any damages awarded against it together with costs, disbursements and expenses of this action, including reasonable attorneys' fees * * * "

Upon the consent of all the parties to the third party action, the issue of fact concerning the right to attorneys' fees and the reasonableness of the same was withdrawn from consideration by the Jury, and testimony was taken subsequent to the entry of judgments thereon by the Court without a Jury.

 The Court finds that the reasonable value of the legal services rendered in the defense of the action Sergio DeGioia v. United States Lines Company is the sum of Five Thousand ($5,000.00) Dollars and, further, that the reasonable value of the fees disbursed in the preparation and trial of the action is the sum of Three Thousand ($3,000.00) Dollars; the Court further finds that as a matter of law, the third party plaintiff is not entitled to reimbursement for attorneys' fees and expenses, and that so much of

the claim pleaded for the same is dismissed. The determination of reasonable value of attorneys' fees and expenses is solely to avoid a second trial on the issue in the event this Court is in error.

The Court has reviewed some fifteen cases cited by the attorneys for the third party plaintiff in support of their position. All the cases cited are based on either written indemnification agreements or written subrogation agreements or claims based on the interpretation of a State statute.

It is beyond dispute that a shipowner has an action based on an implied warranty of proper and safe performance of the services the stevedore renders, whether or not the stevedore is in contractual relationship with the shipowner. The warranty is apparently implied from the presence of the stevedore aboard ship and his activities in connection with the performance of his stevedoring tasks aboard ship. In Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, at 428, 79 S.Ct. 445, at 448, 3 L.Ed.2d 413, the Court said:

> "We think this case is governed by the principle announced in the Ryan case [Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133]. The warranty which a stevedore owes *when he goes aboard a vessel* to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not. That is enough to bring the vessel into the zone of modern law that recognizes rights in third-party beneficiaries." (Underscoring supplied)

The third party plaintiff seeks to apply the doctrine of third party beneficiary to

2. *"Liability and Insurance.* a. The Contractor (1) shall be liable to the Government for any and all loss of or damage to cargo, vessels, piers, or any other property of every kind and description and (2) shall be responsible for and shall hold the Government harmless from any and all loss, damage, liability and expense for cargo, vessel, piers, or any other property of every kind and description whether or not owned by the Government, or bodily injury to or death of persons occasioned either in whole or in part, by the negligence or fault of the Contractor, his officers, agents, or employees, in the performance of work under this contract * * *."

agreements entered into between the third party defendants and the United States of America.

I find nothing in the language of the save harmless clauses to show an intent by the contracting parties, i. e., the stevedores and the United States of America, to make the United States Lines Company or any shipowner the beneficiary of its covenants or agreements.

Williston on Contracts, 3rd Edition, Volume 2, 356, at page 828, cites Johnson Farm Equipment Co. v. Cook, 230 F. 2d 119 (C.A.8):

"It is a general rule in contract law that a third party may enforce a promise as having been made for his benefit, if it appears from the face of the promise or in the light of the contracting situation that he was intended in fact to be a donee beneficiary of the promisee or—when the situation is one in which no intention to make a gift appears—if the promise has the effect as a matter of law, from the nature of the obligation, of according recognition to him, whether directly or by sound implication, as a creditor beneficiary of the promise, so that in either situation he stands in the position of necessarily being more than a mere incidental beneficiary as to the promisor's performance."

In Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, at page 307, 48 S.Ct. 134, at page 135, 72 L.Ed. 290, Judge Holmes cited with approval, the following from German Alliance Insurance Co. v. Home Water Supply Co., 226 U.S. 220, 230, 33 S.Ct. 32, 35, 57 L.Ed. 195:

"Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement, to which he is not a party, he must, at least show that it was intended for his direct benefit."

In Pennsylvania Steel Co. v. New York City Railway Co., 2 Cir. 1912, 198 F. 721, 749, the Court said:

"But whatever may be the correct theory, one thing is essential to the right and that is that the third person be the real promisee—that the promise be made to him in fact although not in form. It is not enough that the contract may operate to his benefit. It must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise."

Cited with approval in Rey v. Penn Shipping Co., Inc., 1960, 2d Cir., 277 F.2d 905, 907.

The third party claims to the extent that they seek reimbursement for attorneys' fees and expenses are dismissed.

Judgment may be entered accordingly.

This opinion constitutes findings of fact and conclusions of law.