Rohm & Haas Company, Appellant, *v.* Lessner.

Argued October 3, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Michael A. Foley,* for appellant.

*Howard R. Detweiler,* with him *Frank R. Ambler,* for appellees.

OPINION BY HIRT, J., January 12, 1951:

Defendants on July 19, 1943 entered into a written contract with plaintiff in which they undertook to furnish and install a boiler in the power house of the plaintiff company in Bristol. In Article 24 of the contract it is provided: "The Contractor shall save and hold harmless the Owner from and against all suits for claims that may be based upon any alleged injury (including death) to any person or property that may occur or that may be alleged to have occurred, in the course of the performance of this contract by the Contractor, whether such claim shall be made by an employee of a Contractor or by a third person and whether or not it shall be claimed that the alleged injury (including death) was caused through a negligent act or omission of the Contractor, and, at his own expense, the Contractor shall defend any and all such actions and shall pay all charges of attorneys and all costs and other expenses arising therefrom." On July 24, 1943, one David Bradford an employe of a subcontractor of the defendants sustained personal injuries from accident on the work undertaken by the defendants under their contract. Bradford subsequently brought suit against the plaintiff company for damages resulting from his injuries. The defendants were promptly notified of the claim and plaintiff requested them to take over the defense of the suit. This the defendants refused to do. Plaintiff carried a public liability policy of insurance with Indemnity Insurance Company of North America. And after the persistent refusals of the defendants to assume the responsibility of defending the action, plaintiff's insurer, as it was

bound under its contract with the plaintiff, undertook the defense. The case was twice tried. In the first trial the jury disagreed; in the second, the verdict was for the defendant. It is admitted that in assuming the defense of this plaintiff in that action, Indemnity Insurance Company of North America employed counsel, hired an electrical expert, and paid for the notes of testimony as well as other costs. It is claimed that the total of this expense incurred by plaintiff's insurer aggregated $1,225.00. The present suit was brought to recover that amount with interest. The above facts, except as to the amount of expense incurred, are admitted in defendant's answer. After argument the lower court refused plaintiff's motion for judgment on the pleadings. This is plaintiff's appeal from that order.

We need not decide whether in every instance an appeal will lie as a matter of right from an order refusing judgment in favor of a party on the pleadings. The power to enter summary judgment is intended only for clear cases and every doubt must be resolved against the entry of such judgment. In affirming that principle in *Levin v. Kapnek et al.*, 166 Pa. Superior Ct. 39, 70 A. 2d 392 where the lower court had refused to enter judgment in favor of the plaintiff on the pleadings, we entertained an appeal and affirmed the order.

We will give sanction to the practice in this case. By the Act of April 18, 1874, P. L. 64, 12 P.S. §1097 the right of appeal was specifically given to a plaintiff from an order refusing judgment for want of a sufficient affidavit of defense. Cf. *Holladay v. Fidler*, 158 Pa. Superior Ct. 100, 43 A. 2d 919. The present plaintiff's motion for judgment on the pleadings, consisting of the complaint and defendant's answer in an action of assumpsit, under Rule 1034 of Civil Procedure, is analogous to a motion for judgment for want of sufficient affidavit of defense under the prior practice. Actually they are the same and, under like circum-

stances, this plaintiff should have the right of appeal from the refusal of judgment in its favor. We hold that the plaintiff had that right.

Plaintiff admits, in asserting the right to judgment on the pleadings, that its insurer, Indemnity Insurance Company of North America, is the real party in interest. This action was brought in the name of plaintiff, under Rule 2002 of Civil Procedure, for the benefit of its insurer as an alleged subrogee on the "hold-harmless" provision of its contract with defendant above quoted. "Subrogation is an equitable doctrine and is applicable whenever a debt or obligation is paid from the funds of one person although properly payable from the funds of another": *McCahan's Estate*, 312 Pa. 515, 527, 168 A. 685. As to an insurer, the right of subrogation is derived from the insured alone. For that reason an insurer, upon paying a loss, can take nothing by subrogation but the rights of its insured and is subrogated to only such rights as the insured possessed. And if the assured has no right of action, none passes to the insurer. 29 Am. Jur., Insurance, §1336; 8 Couch on Insurance, §2036; 8 Appleman on Insurance, §4931. The principle was reiterated and applied in *Wager v. Providence Insurance Co.*, 150 U.S. 99. So also in *John Wanamaker, New York, Inc., v. Otis Elevator Co.*, 228 N.Y. 192, 126 N.E. 718, where the Wanamaker Company as nominal plaintiff sought to recover on behalf of its insurer certain costs, paid by that carrier. A passenger in an elevator in the Wanamaker store was injured in the fall of the elevator due to defective mechanism, and brought suit for damages resulting from her injuries. Wanamaker's insurer defended the action as it was obliged to do and paid all counsel fees and costs. The policy of insurance contained a provision whereby the insurer became subrogated to the right of the Wanamaker Company in respect to loss suffered by any person injured in the store. After judgment in

246

favor of the plaintiff in that action the Wanamaker Company, in a suit against the Otis Elevator Company sought to recover the costs of suit and attorney fees paid by its insurer. In the above appeal it was held, since the Wanamaker Company, the nominal plaintiff, was not required to pay, and did not actually incur any expense for counsel fees and costs, it had no claim against the defendant for such expense, and accordingly its insurer could not be subrogated to a claim which did not exist in the Wanamaker Company, as the alleged subrogor.

On the principle of the above authorities, to which many others might be added, it follows, as the lower court correctly ruled, that since this plaintiff suffered no pecuniary loss, it has no cause of action either on its own account or on behalf of its insurer by equitable subrogation.

Order affirmed.