Cosmo DI BIASE, Plaintiff,

v.

REDERI A/B WALSHIP, Defendant.

REDERI A/B WALSHIP, Third-Party Plaintiff,

v.

LEE & PALMER and Pittston Stevedoring Co., Inc., Third-Party Defendants.

No. 60 C 985.

United States District Court
E. D. New York.
Jan. 8, 1963.

J. W. Bernstein, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant and third-party plaintiff; J. Ward O'Neill, John J. Quigley, Jr., New York City, of counsel.

Monica & Feury, New York City, for third-party defendant Pittston Stevedoring Co., Inc.; Thomas H. Healey, New York City, of counsel.

ZAVATT, Chief Judge.

This is an action in which the plaintiff, a marine carpenter, seeks damages for alleged personal injuries due to the alleged negligence of the defendant shipowner and the alleged unseaworthiness of the vessel. The defendant has brought in as a third-party defendant the stevedoring company by whom the plaintiff was employed on the date when he sustained his alleged injuries. The third-party defendant (hereinafter referred to as "Pittston") served interrogatories upon the third-party plaintiff (hereinafter referred to as "Walship"). Walship moved to strike interrogatories numbered 13 to 19, both inclusive. These interrogatories seek information as to whether or not Walship is covered by insurance for personal injuries sustained aboard its vessel; whether any such insurance requires the insurer to pay Walship's expenses, including attorneys' fees, in defending the present action against it by the plaintiff; what such expenses Walship has incurred to date and an itemization thereof; whether Walship's insurer retained and paid the attorney who will try the case for Walship and whether the insurer will also pay other expenses incident to the trial. Pittston contends that these interrogatories are proper; that if it be held liable to Walship, the latter would not be entitled to recover from Pittston its expenses in defending the plaintiff's claim provided Walship's insurer is obliged to defend the suit at its own cost and expense. Walship contends that, regardless of the terms of its contract of insurance with its insurer, it will be entitled to recover the costs of defending the plaintiff's claim, including attorneys' fees even though its insurer provides the attorneys; that interrogatories as to the ex-

istence and coverage of insurance are improper; that, to the extent that the interrogatories seek an itemization of all legal fees and legal disbursements to date, they are an unjustified invasion of the work product of the attorneys who are representing them in this litigation and of the attorney-client relationship; that, since all of these interrogatories relate only to the damages, if any, which Walship may be entitled to recover from Pittston, they are premature.

■ The general rule is that in cases such as this, where a shipowner is held liable to a longshoreman and the stevedoring company is held liable to the shipowner for breach of an actual or implied warranty of workmanlike performance, the shipowner is entitled to recover its attorney's fees and reasonable disbursements in the defense of the longshoreman's action. DeGioia v. United States Lines Co., 304 F.2d 421 (2d Cir., 1962); Paliaga v. Luckenbach S. S. Co., 301 F.2d 403 (2d Cir., 1962); A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 256 F.2d 227 (2d Cir., 1958); cert. dismissed 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49 (1958).

This motion raises several questions: (1) whether the general maritime law applies regardless of the presence of an insurance contract between the shipowner and an insurer; (2) whether it applies if the shipowner defends at its own expense and is reimbursed by its insurer pursuant to the terms of the contract of insurance; (3) whether it applies when the insurer defends in the first instance at its own cost and expense pursuant to its obligations under the contract of insurance; (4) whether the federal courts have determined, as yet, what the general maritime law is under each of the above circumstances; (5) whether the federal courts have determined, as yet, that the local state law of indemnity governs any of the above circumstances.

It is not necessary for the court to pass upon these questions at this time. It should be noted, however, that the cases cited by the moving party and by the third-party plaintiff (as well as those disclosed by the court's independent research) create grave doubt that any of these questions have been determined with clarity and finality in the general maritime field. See United States Lines v. E. J. Lavino & Co., 198 F.Supp. 483 (E.D.Pa.1961), aff'd, 303 F.2d 295 (3rd Cir., 1962); Rohm & Haas Co. v. Lessner, 168 Pa.Super. 242, 77 A.2d 675 (1951); American Mutual Liab. Ins. Co. v. Matthews, 87 F.Supp. 854 (E.D.N.Y. 1949), rev'd on other grounds 182 F.2d 322 (2d Cir., 1950); Wanamaker v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718 (1920).

■ The interrogatories in question are directed to the issue of damages. The court in its discretion may postpone discovery on the question of damages until the question of liability has been determined. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); Hayden v. Chalfant Press, Inc., 281 F.2d 543 (9th Cir., 1960). This procedure is customary where a suit is triable in separate parts, one affecting liability and the other the amount of recovery. It is most common in equity actions triable to the court. Klauder v. Minneapolis-Honeywell Regulator Co., 30 F.R.D. 29 (E.D.Pa.1962). No determination as to the right to recover attorney's fees and disbursements can be made in this case until the return of the verdict on liability. This determination is a matter for the court and will be determined at a separate hearing, if necessary. DeGioia v. United States Lines Co., 205 F.Supp. 627 (E.D.N.Y.1961) rev'd on other grounds 304 F.2d 421 (2d Cir., 1962); United States Lines Co. v. E. J. Lavino & Co., supra. The awarding and determination of attorney's fees and disbursements is thus very similar to a non-jury separate trial on liability and damages. The defendant does not contend that it desires knowledge of the third-party plaintiff's insurance arrange-

**44**

ments for any reason other than that of determining the ultimate responsibility for disbursements and attorney's fees expended in the defense of this action. In regard to the allowability of the discovery of insurance coverage and related policy provisions there is a considerable bifurcation in the authorities. Compare e. g., Hooker v. Raytheon Co., 31 F.R.D. 120 (S.D.Cal.1962); Langlois v. Allen, 30 F.R.D. 67 (D.Conn.1962); Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D.Pa. 1962), all denying discovery, with e. g., Johanek v. Aberle, 27 F.R.D. 272 (D. Mont.1961); Schwentner v. White, 199 F.Supp. 710 (D.Mont.1961); Hurt v. Cooper, 175 F.Supp. 712 (D.Ky.1959). The topic has been so thoroughly discussed that one court has commented that there is so little to be added by way of further discussion that all that is necessary for a court to determine is which school of thought it will hew to. McDaniel v. Mayle, 30 F.R.D. 399 (N.D. Ohio 1962). Taking into account the fact that one of the leading decisions allowing discovery recognizes that plausible reasons support the opposing viewpoint, Johanek v. Aberle, supra, 27 F.R.D. at 274 the court, without hewing to either line of cases will consider the fact that discovery is sought as to insurance coverage as a further reason for not requiring the third-party plaintiff to answer the interrogatories until after the return of the verdict. This result will avoid any possible prejudice resulting from the possibly premature injection of the existence of insurance into a litigation.

The court determines that interrogatories numbered 13 through 19, propounded by the third-party defendant to the third-party plaintiff are premature. At this juncture it does not pass upon their relevancy but leaves this determination to the trial judge in the event that the plaintiff prevails against the defendant and third-party plaintiff.

Settle an order on or before ten (10) days from the date hereof.