## Boiler Engineering & Supply Co., Inc., Appellant, *v.* General Controls, Inc.

Argued January 14, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John A. Featherman,* with him *Richard Reifsnyder,* and *MacElree, Platt & Harvey,* for appellant.

*William H. Lamb,* with him *Susan P. Windle,* and *Rogers, Gentry, Windle & Lamb,* for appellee.

OPINION BY MR. JUSTICE JONES, June 1, 1971:

In *Burbage v. Boiler Eng. & Supply Co., Inc.*, 433 Pa. 319, 249 A. 2d 563 (1969), we were presented with the factual genesis of this controversy. Briefly summarized, we affirmed the entry of judgment by the Chester County Court of Common Pleas in favor of Norina G. Burbage, administratrix of the estate of Edward Burbage, against the Boiler Engineering and Supply Company, Inc. (Boiler), and in favor of Boiler against General Controls, Inc. (General) for indemnification.* In accordance with our opinion, indemnification payments were made on the *judgment*.

Thereafter, Boiler's insurance carrier paid $12,500 to Boiler's legal counsel for their services in representing Boiler both at the trial and appellate level. Subsequently, Boiler filed a complaint against General for indemnification of reasonable counsel fees and costs. In its answer and new matter, which was admitted, General averred that Boiler's insurance carrier was obliged by the terms of its policy of insurance to provide a defense and that counsel fees and costs had been paid by the insurance carrier. A motion for judgment on the pleadings was interposed by General and judgment was entered in General's favor after oral argument. This appeal followed.

As the operative facts are not in dispute, we are confronted with a pure question of law: whether an indemnitee (actually the indemnitee's insurance carrier) may recover counsel fees and costs incurred by the indemnitee in defense litigation and paid by its insurer under the terms of the policy from the indemnitor.

---

* In the prior litigation, the administratrix sought to recover damages solely from Boiler. However, Boiler joined General as an additional defendant. After the jury delivered its verdicts and judgment was entered, General unsuccessfully appealed the indemnification verdict.

This specific question was resolved in the negative by the Superior Court over twenty years ago in *Rohm & Haas Co. v. Lessner,* 168 Pa. Superior Ct. 242, 77 A. 2d 675 (1951). In *Rohm & Haas,* the defendant contracted to install a boiler for the plaintiff and agreed to "hold harmless" the plaintiff for any injuries negligently occasioned by the defendant. A third person was injured and brought suit against the plaintiff. After the defendant refused to undertake the defense of this third person's claim, plaintiff's insurance carrier, obliged to defend the plaintiff under the policy, undertook the defense and was successful. A subsequent assumpsit action to recover costs and fees was then instituted by the plaintiff to recover this amount. Recognizing that the insurance carrier was the real party in interest, as is the situation in the case at bar, and that the nominal plaintiff suffered no pecuniary loss, the Superior Court held that the plaintiff had "no cause of action either on its own account or on behalf of its insurer by equitable subrogation." 168 Pa. Superior Ct. at 246, 77 A. 2d at 677. Just as that plaintiff was entitled to be "held harmless" under his contract, so is Boiler, under our prior decision, entitled to indemnification. 433 Pa. at 326-27, 249 A. 2d at 567. Similarly, the insurance carriers for that plaintiff and Boiler defended and paid counsel fees and costs so that neither Boiler nor that plaintiff suffered any pecuniary loss. Accordingly, the court below, bound by the principle of *stare decisis,* concluded that Boiler could not recover.

Throughout this intervening period of twenty years, no court in this Commonwealth has *relied* on this particular aspect of *Rohm & Haas.* While two federal courts have examined *Rohm & Haas* and concluded it was factually inapposite, *DiBiase v. Rederi A/B Walship,* 32 F.R.D. 41, 44 (E.D. N.Y. 1963), and *United*

*States Lines Co. v. E. J. Lavino & Co.*, 198 F. Supp. 483 (E.D. Pa. 1961), one federal court has flatly refused to follow this precedent. *Fisher v. United States*, 299 F. Supp. 1, 36 (E.D. Pa. 1969). So framed, our specific inquiry is whether *Rohm & Haas* should now be followed.

Although the principle was never discussed or even mentioned in *Rohm & Haas*, this Court as well as the vast majority of jurisdictions adhere to the rule that the nominal indemnitee may recover attorney's fees and costs along with the actual judgment from the indemnitor. *Orth v. Consumers' Gas Co.*, 280 Pa. 118, 124 Atl. 296 (1924); 41 Am. Jur. 2d *Indemnity* §36 (1968); 42 C.J.S. *Indemnity* §13d (1944). *See, also*, Annot., 45 A.L.R. 2d 1183 (1956). While we have never addressed the issue, these other jurisdictions, however, hold that only those expenses engendered by the *defense* litigation and not that portion allocable to the *indemnification* litigation may be recovered by the indemnitee. 41 Am. Jur. 2d *Indemnity* §36 (1968); 42 C.J.S. *Indemnity* §13d (1944). Convinced by the logic of these jurisdictions, we adopt this latter principle. Accordingly, if Boiler had paid these *defense* expenses, that sum could be recovered from General.

In this manner, the question then becomes whether the presence of Boiler's insurance carrier dictates a contrary result. Although the case law is scant, the weight of authority in other jurisdictions is contrary to *Rohm & Haas*: *Safway Rental & Sales Co. v. Albina Engine & Machine Works*, 343 F. 2d 129, 133-35 (10th Cir. 1965); *Lesmark v. Pryce*, 334 F. 2d 942, 945 (D.C. Cir. 1964); *General Accident, Fire and Life Assur. Corp. v. Smith & Oby Co.*, 272 F. 2d 581 (6th Cir. 1959); *Fisher v. United States*, 299 F. Supp. 1, 36 (E.D. Pa. 1969); *Pacific Tel. & Tel. Co. v. Chick*, 202 Cal. App. 2d 708, 21 Cal. Rptr. 326 (1962); *New Amster-*

*dam Casualty Co. v. Kilroy Structural Steel Co.,* 81 Ohio L. Abs. 527, 159 N.E. 2d 797 (1959); *Hartford Accident & Indem. Co. v. Worden-Allen Co.,* 238 Wis. 124, 297 N.W. 436 (1941). *See, also,* 41 Am. Jur. 2d *Indemnity* §36, 727 (1968); Annot., 77 A.L.R. 2d 1143 (1961).

It was the rationale of the Superior Court in *Rohm & Haas* that the expenses and attorney's fees incurred by the insurance carrier were not obligations of the indemnitee; hence, under general indemnity rules the insurance carrier by subrogation succeeded to nothing. This argument was presented and rejected in both *Lesmark* and *Safway.* As well stated in *Safway*: "It is difficult to find a distinction between subrogation to the right to recover the amount of the judgment which was paid by another, and subrogation of the right to recover fees. In both instances the insured has paid nothing, thus the argument that payment by indemnitee is required is of little force. The fact that [Boiler] had a liability on the judgment . . . is a technical one and not a real nor actual liability. It is not a practical basis to distinguish between the judgment and the fees." 343 F. 2d at 135. To mechanically invoke the principles of subrogation on these facts ignores the economic realities of the situation and works an injustice.

Moreover, the validity of *John Wanamaker, New York, Inc. v. Otis Elevator Co.,* 228 N.Y. 192, 126 N.E. 718 (1920), the principal case relied upon by *Rohm & Haas,* while not overruled by the New York Court of Appeals, is open to serious question in light of several decisions of the New York courts. *Cf., Crowley's Milk Co. v. American Mutual Liability Ins. Co.,* 313 F. Supp. 502, 507-08 (E.D. N.Y. 1969); *Arthur Venneri Co. v. Central Heating & Plumbing Co.,* 40 Misc. 2d 125, 242 N.Y.S. 2d 812 (1963).

It is only with a great degree of hesitation and reservation that we overrule a long-standing, appellate principle. However, our task is much less onerous when the particular, objectionable aspect of the opinion has never been employed in any subsequently reported decision. For these reasons, we overrule *Rohm & Haas* on this point and hold that an indemnitee may recover attorney's fees and costs from the indemnitor notwithstanding the fact that these expenses have already been paid by the indemnitee's insurance carrier.

Judgment reversed.

Mr. Chief Justice BELL dissents.