118 N.J. Super. 316 (1972)
287 A.2d 459
NANCY FORNAROTTO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF NICHOLAS FORNAROTTO FOR NICHOLAS FORNAROTTO, JR. AND AGNES FORNAROTTO, INFANTS, BY THEIR MOTHER AND GUARDIAN AD LITEM, AND NANCY FORNAROTTO, INDIVIDUALLY, PLAINTIFFS,
v.
CLARA MAASS MEMORIAL HOSPITAL AND VALENTINE ELECTRIC COMPANY, INC., DEFENDANTS. CLARA MAASS MEMORIAL HOSPITAL, THIRD PARTY PLAINTIFF-APPELLANT,
v.
FRANK BRISCOE COMPANY, INC., THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1972.
Decided February 15, 1972.
*318 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Kenneth J. Fost argued the cause for third party plaintiff-appellant (Messrs. Stevens & Mathias, attorneys).
Mr. Jeffrey H. Fisch argued the cause for third-party defendant-respondent (Messrs. Levy, Schlesinger & Breitman, attorneys).
PER CURIAM.
Our disposition of the several issues argued is as follows.
First, the parties at oral argument have agreed that the third-party claim, although pursued in the name of the hospital, is really for the benefit of Hartford Insurance Company, general insurer of the hospital, which defended the death action for the hospital and incurred the costs and expenses now in contention. We accept this fact for purposes of the determination herein, and reject the hospital's argument that the trial court should not have considered the incidence of insurance.
We hold that the true meaning of the indemnification clause here involved is that Briscoe, the indemnitor, is liable thereon for the costs and expenses here involved if, in fact, there was causal connection between any act or omission by Briscoe or any of its subcontractors (including by decedent or any other employee of any such) in the execution of the work and the occurrence of the fatal event on account of which the main action was brought. This is without qualification as to negligence vel non attending any such action or omission and without regard to the allegations in the death action. The ultimate burden of persuasion on that fact issue is on the third-party claimant. But cf. NOPCO Chemical Div. v. Blaw-Knox Co., 59 N.J. 274 (1971).
*319 The foregoing fact issue will have to be tried on the remand.
We regard it as of no moment in relation to the issue of Briscoe's liability on the indemnification clause that the costs and expenses of defending the death action were assumed by the hospital's general insurer rather than borne directly by the hospital. The trial judge's determination in favor of Briscoe on the basis of that fact was erroneous. We deem the collateral source rule to be applicable in this regard. See Dudar v. Milef Realty Corporation, 258 N.Y. 415, 180 N.E. 102, 105 (Ct. App. 1932). Looked at another way, the present real party in interest, the hospital's general insurer, is entitled to be subrogated to the hospital's rights under the indemnification clause. This is the well-nigh universal rule. See Boiler Engineer & Sup. Co. v. General Controls, Inc., 443 Pa. 44, 277 A.2d 812 (Sup. Ct. 1971), and the many authorities there cited in accord. No New Jersey decision to the contrary has been pointed out to us, and we are in agreement with the Pennsylvania court. Presumably, the potentiality of recovery on subrogated claims enters into the insurers' fixing of premium rate structures.
We do not pass upon Briscoe's additional argument that before calling in its own general liability insurer the hospital was obliged to have had recourse to the defense of the accident claim available through the separate liability policy Briscoe allegedly supplied the hospital under the contract. There is insufficient relevant factual data before us at this juncture to determine this issue  certainly in terms of entry of a summary judgment. We remit it to the trial court for determination on the remand. Consideration might well be given at that time, among other things, to whether Briscoe should not have called the hospital's attention to the stated recourse when it refused defense of the death claim on the hospital's call.
Reversed and remanded for a new trial.