682 A.2d 819

**GENERAL ACCIDENT INSURANCE COMPANY, Appellant**

v.

**FEDERAL KEMPER INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1996.

Filed Aug. 21, 1996.

Bradley J. Leber, York, for appellant.

John Flounlacker, Harrisburg, for appellee.

Before BECK, HUDOCK and JAMIESON,* JJ.

HUDOCK, Judge:

This is an appeal from the order of the Court of Common Pleas of Lancaster County entering summary judgment in favor of Federal Kemper Insurance Company (Federal Kemper) on August 9, 1995. The sole issue raised on appeal by General Accident Insurance Company (General Accident) is whether the trial court erroneously found that no common law cause of action for indemnity exists between a secondary insurer and primary insurer, when the primary insurer denied coverage under its policy, causing the secondary insurer to pay uninsured motorist benefits. For the following reasons, we reverse.

The facts may be summarized as follows: Tracy Day (Day) owned a vehicle insured by Federal Kemper. Day loaned her vehicle to Matthew Fenton (Fenton) for the limited purpose of aiding him in changing a tire on his own vehicle. Subsequently, Fenton was involved in an accident with Thomas Yatsko (Yatsko). At the time of the accident, Fenton allegedly was under the influence of alcohol and not engaged in his original purpose of changing his tire.

Yatsko operated a vehicle insured through his employer by General Accident. Yatsko made a claim for damages from Federal Kemper, which denied his claim, contending that Fenton exceeded Day's grant of permission to use her vehicle at the time of the accident. Yatsko then made a claim for uninsured motorist benefits from General Accident. Yatsko's claim proceeded to arbitration where the board of arbitrators ordered General Accident to pay him uninsured motorist benefits.

* JAMIESON, J. did not participate in the consideration or decision of this matter.

On November 12, 1993, General Accident filed suit against Federal Kemper, seeking indemnification for the benefits it paid to Yatsko and for attorney fees incurred in defending its case at arbitration. General Accident alleged that Federal Kemper wrongfully denied coverage for Fenton, causing it to pay uninsured motorist benefits as secondary insurer. On February 28, 1995, Federal Kemper filed a motion for summary judgment against General Accident, which the trial court granted.

When determining if a trial court has properly entered summary judgment, this Court's scope of review is plenary. *Schriver v. Mazziotti*, 432 Pa.Super. 276, 278–80, 638 A.2d 224, 225 (1994). We must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Id.* We will only reverse the trial court's decision if there was a manifest abuse of discretion. *Accu–Weather, Inc. v. Prospect Communications, Inc.*, 435 Pa.Super. 93, 98–100, 644 A.2d 1251, 1254 (1994). An abuse of discretion occurs "when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Coker v. S.M. Flickinger Co., Inc.*, 533 Pa. 441, 447–49, 625 A.2d 1181, 1185 (1993).

Summary judgment is granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact. Pa.R.C.P. 1035(b), 42 Pa.C.S.A. The moving party has the burden of proving the non-existence of any genuine issue of fact. *Accu–Weather, Inc.*, 644 A.2d at 1254. The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *Id.* The trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Id.* Summary judgment may only be granted in cases where it is clear and free from

doubt that the moving party is entitled to judgment as a matter of law. *Id.*

General Accident argues that it may maintain an action against Federal Kemper based upon common law indemnity principles and *Aetna Casualty & Surety Company v. Nationwide Mutual Insurance Company*, 471 F.Supp. 1059 (M.D.Pa. 1979). In *Aetna Casualty*, the United States District Court for the Middle District of Pennsylvania specifically held that a secondary insurer may maintain a cause of action for indemnity against a primary insurer for wrongful denial of coverage.

The Pennsylvania Supreme Court has explained the common law right of indemnity as follows:

> [U]nlike comparative negligence and contribution, the common law right of indemnity is not a fault sharing mechanism between one who was predominantly responsible for an accident and one whose negligence was relatively minor. Rather, it is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss.

*Sirianni v. Nugent Bros., Inc.*, 509 Pa. 564, 570–71, 506 A.2d 868, 871 (1986). The courts of Pennsylvania have never addressed this right as between a secondary insurer, forced to pay uninsured motorist benefits to its insured by operation of law, and a primary insurer, when the primary insurer wrongly denies liability coverage for an accident caused by its insured.

In *Aetna Casualty, supra*, a negligent driver caused an automobile accident which injured two persons in another vehicle. The negligent driver's insurance carrier refused to pay liability benefits, thus causing the injured party's insurer to pay them uninsured motorist benefits. *Aetna Casualty*, 471 F.Supp. at 1066. The injured party's insurer brought suit against the negligent driver's insurer for indemnity, alleging that it negligently denied liability coverage. *Id.* The District Court held as follows:

[A] secondary insurer has a cause of action against the primary insurer for wrongful refusal to provide coverage. To hold otherwise would put an undue strain on the Pennsylvania [uninsured/underinsured motorist statute] ... for it would enable the primary insurer to impose severe financial burdens on the secondary insurer whose presence is now all but inevitable under the [uninsured/underinsured motorist] statute simply by denying the existence of coverage. It is for this reason that although no Pennsylvania cases have been cited to us as authority for this position, we believe the Pennsylvania courts, if faced with the question would so hold. To do otherwise would in effect reverse the roles of the primary and secondary insurer and reduce the likelihood of a primary insurer acknowledging its coverage.

*Id.* Additionally, the District Court applied a negligence standard to determine whether the primary insurer wrongfully denied benefits. *Id.*

The trial court held that General Accident did not have a common law cause of action against Federal Kemper, explaining as follows:

The linchpin of [*Aetna Casualty* 's] broad holding apparently stems from this perceived unfairness to [uninsured/underinsured motorist] insurers. In 1990, however, the Pennsylvania Legislature created a cause of action against an insurer for bad faith denial of claims. 42 Pa.Cons.Stat. § 8371. Pursuant to this statute, primary insurers who summarily deny a claim do so at their peril. As a consequence, secondary [uninsured/underinsured motorist] insurers now enjoy greater protection from arbitrary and wrongful denials than they did in 1979. Because the reason for the holding announced in [*Aetna Casualty* ] no longer justifies the rule, we are not persuaded to follow it.

Trial Court Opinion, 8/9/95, at p. 3.

■ For the following reasons, we disagree with the trial court's decision and interpretation of the law. Although the Pennsylvania legislature enacted section 8371 subsequent to the District Court's disposition of *Aetna Casualty,* we find

that, in lieu of a cause of action for indemnity, a secondary insurance company remains unprotected and without recourse when a primary insurer denies liability benefits. Thus, we are persuaded by the holding and rationale in *Aetna Casualty* and recognize a secondary insurer's cause of action for indemnity. In this context, the secondary insurer is liable by operation of law to pay for damages caused by a third party. Upon proving that the primary insurer negligently denied coverage and caused such liability on the part of the secondary insurer, the secondary insurer may recover indemnity damages as well as the costs and expenses necessary to protect its interests. As explained by the District Court:

> Under Pennsylvania law, where the wrongful acts of the Defendant have involved the Plaintiff in litigation with others or placed him in such relations with others as to make it necessary to incur costs and expenses to protect his interests, such costs and expenditures should be treated as legal consequences of the original wrongful act.

*Aetna Casualty,* 471 F.Supp. at 1067.

Section 8371 provides as follows:

### § 8371.  Actions on insurance policies

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371.

The purpose of section 8371 was to provide a statutory remedy to an insured when the insurer denied benefits in bad faith. *See Terletsky v. Prudential Property & Casualty Insurance Co.,* 437 Pa.Super. 108, 124–25, 649 A.2d 680, 688 (1994), *alloc. den.,* 540 Pa. 641, 659 A.2d 560 (1995). Upon review of the express language and purpose of section 8371, it

appears clear that the Pennsylvania legislature intended this section to protect an insured from bad faith denials of coverage. We do not find that this statute provides substantial protection to secondary insurers under the circumstances. Pursuant to 40 P.S. § 2000, insurers must provide insurance benefits for damages caused by motorists operating an uninsured vehicle. An "uninsured motor vehicle" is defined in part as one which the insurance company denies coverage. 75 Pa.C.S.A. § 1702. Although a person who is denied coverage may sue the insurer for bad faith denial of benefits pursuant to section 8371, that person has no practical interest in doing so because section 2000 shifts the burden of paying for the damages to the secondary insurer under the guise of uninsured motorist benefits.

The trial court maintained that General Accident is not a real party in interest, except as allowed through subrogation of its insured's rights and furthermore, that there is no direct cause of action against the insurance company of the insured who caused the damage. Pursuant to Rule 2002(a), "all action shall be prosecuted by and in the name of the real party in interest ... except where a subrogee is a real party in interest." Pa.R.C.P. 2002(a) and (d). As this Court has stated:

> As to an insurer, the right of subrogation is derived from the insured alone. For that reason an insurer, upon paying a loss, can take nothing by subrogation but the rights of its insured and is subrogated to only such rights as the insured possessed. And if the [insured] has no right of action, none passes to the insurer.

*Rohm & Haas Co. v. Lessner,* 168 Pa.Super. 242, 245, 77 A.2d 675, 677 (1951), rev'd on other grounds, *Boiler Engineering and Supply Co. v. General Controls, Inc.,* 443 Pa. 44, 47–49, 277 A.2d 812, 814 (1971). Additionally, in *Aetna Insurance Company v. Pennsylvania Manufacturers Association Insurance Co.,* 456 F.Supp. 627, 634 (E.D.Pa.1978), the United States District Court for the Eastern District of Pennsylvania held:

[A]s a general rule, in the absence of statutory or applicable policy provisions to the contrary, one who suffers injury within the provisions of a liability insurance policy is not in privity of contract with the insurer of the alleged tort feasor, and cannot bring an action directly against the insurer on the claim.

Although we acknowledge the existence and validity of the law as set forth above, we do not find that it is applicable in this case to bar General Accident's claim. Pennsylvania's uninsured/underinsured motorist statute makes a secondary insurer legally responsible for paying uninsured motorist benefits when a primary insurer denies coverage, whether or not the primary insurer has properly denied such coverage. This fact makes the secondary insurer a real party in interest with regard to a cause of action for indemnity. Thus, a secondary insurer in this situation is not one injured under the provisions of an insurance policy; rather, it is one alleging direct injury via operation of law.

Finally, the trial court found that General Accident has legal recourse in lieu of a cause of action for indemnity:

General Accident could have filed a declaratory judgment action against [Federal Kemper] to determine the rights and duties of the respective parties. Alternatively, General Accident could have sought subrogation to Fenton's claim for coverage against General Accident upon satisfaction of the Yatsko claim.

Trial Court Opinion, 8/9/95, at p. 3.

Again, we do not find that such recourse provides a sufficient reason to deny a secondary insurer a cause of action for indemnity. "The fact that [the secondary insurer] did not file a declaratory judgment is not a defense in this matter. So too could [the primary insurer] have filed a declaratory judgment action." *Aetna Casualty*, 471 F.Supp. at 1066. Additionally, after arbitration, it is no longer practicable to seek a declaratory judgment as to the rights and obligations of the parties. As noted in the decision of the arbitrators, "We have not considered or decided the correctness of Federal Kemper's

declination of coverage and do not intend by this award to preclude General Accident from making a claim for reimbursement against Federal Kemper[.]" Decision of Arbitrators, 8/25/93. Moreover, subrogation is not possible under the factual scenario presented. As we have already noted, an insurer is subrogated to only such rights as the insured possessed, *Rohm & Haas, Co.,* supra, *and* General Accident's insured, Yatsko, has no rights vis-a-vis Federal Kemper. As explained above, however, General Accident is a real party in interest to Federal Kemper's denial of benefits. As a secondary insurer, it is directly affected. Thus, there is a more appropriate, adequate remedy at law—a direct cause of action for indemnity.

Order reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.