## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| MB&R Piping Contractors, Inc. | : | |
| | : | |
| v. | : | |
| | : | |
| Borough of East Brady | : | No. 78 C.D. 2016 |
| | : | ARGUED: November 15, 2016 |
| v. | : | |
| | : | |
| Gibson-Thomas Engineering Co., Inc., | : | |
| Appellant | : | |

BEFORE:     HONORABLE ANNE E. COVEY, Judge
                       HONORABLE JULIA K. HEARTHWAY, Judge
                       HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE HEARTHWAY                              FILED: January 12, 2017

Gibson-Thomas Engineering Company, Inc. (Gibson) appeals from the August 5, 2015, August 14, 2015, August 25, 2015, and December 14, 2015 orders of the Court of Common Pleas of Clarion County (trial court), which denied Gibson's: (1) motion for summary judgment; (2) motion for reconsideration, or in the alternative, motion for summary judgment; (3) motion to sever the Borough of East Brady's (Borough) contractual indemnification claim; and (4) post-trial motion, and awarded the Borough its attorney's fees and costs. We affirm in part and vacate and remand in part.

In September 2009, the Borough and the Pennsylvania Department of Environmental Protection (Department) entered into a consent order requiring the Borough to build a new waste water treatment plant (Project). On June 8, 2011, the Borough entered into a contract with Gibson to provide engineering services for the Project (Agreement), whereby Gibson agreed to design and manage the Project. Gibson contracted to be the Borough's representative on the job site, perform the initial survey, plan and design the plant, and provide contract administration and inspection services during construction. The Agreement contained an indemnification clause that stated as follows:

> [Gibson] shall indemnify, defend and hold BOROUGH harmless from any and all claims, suits, actions, liabilities and cost of any kind by any third parties arising out of or in connection with the performance of his work under the terms of this Agreement, including those of any governmental body or agency, this indemnification to include but not be limited to reasonable attorney's fees.

(Agreement, Section VI. 6.01.)

In July 2011, the Borough entered into a contract with MB&R Piping Contractors, Inc. (MB&R) to build the treatment plant (Contract). The Project was to be completed by June 2012. However, the Project was not completed and disputes arose between the parties.

In August 2012, upon Gibson's advice, the Borough terminated its contract with MB&R. MB&R sued the Borough for breach of contract and violations of what is commonly known as the Pennsylvania Prompt Payment Act

2

(Act),[1] 62 Pa. C.S. §§ 3931-3939, alleging that it had been unjustly terminated and was owed substantial funds for completed work (Complaint). The Borough filed an answer and new matter to the Complaint along with a counterclaim against MB&R, seeking damages for MB&R's alleged breach of contract.

In December 2012, the Borough filed a third-party complaint against Gibson alleging that any damages sustained by MB&R were caused by the errors and omissions of Gibson and that Gibson was required to indemnify the Borough for any damages and liability the Borough would suffer as a result of MB&R's claims.

Gibson filed a motion for summary judgment and a motion in limine, arguing that the Borough's claim as set forth in paragraphs 24 and 25 of the third-party complaint, must be dismissed for lack of expert testimony; and that the Borough's claim for indemnification in paragraph 26 must be dismissed because common law indemnity is not available in a breach of contract action and the Borough never argued that it had a contractual right to indemnification. As for the motion in limine, Gibson sought dismissal of the Borough's claims for damages.

On August 5, 2015, the trial court granted Gibson's motion in limine, finding that the Borough cannot claim compensatory or consequential damages against Gibson, but denied its motion for summary judgment, stating that the Borough may maintain a claim for contractual indemnification against Gibson

---

[1] Gibson mistakenly cites the Act, 62 Pa. C.S. §§ 3931-3939, as the Commonwealth Procurement Code (Code); however, the Code is at 62 Pa. C.S. §§ 101-2311.

based upon the language in the Agreement. The trial court reasoned that "although the Borough did not plead a contract provision, the . . . Agreement between the Borough [and Gibson] does include such a provision." (Trial Ct. Op., 8/5/15, at 5.)

Gibson filed a motion for reconsideration or, in the alternative, a motion for summary judgment. Gibson argued that the Borough's contractual indemnification claim must fail because it was never pled, was not ripe, and was not available for the Borough's contractual liabilities to MB&R. The trial court denied Gibson's motion on August 14, 2015. Gibson then filed a motion to sever the indemnification claim from MB&R's claims against the Borough, which the trial court denied on August 25, 2015. Thus, the entire case was submitted to the jury.

MB&R discussed attorney's fees and interest at the trial, during a sidebar, and in a conference in chambers. The Borough, however, did not mention a claim for attorney's fees, or how such claims should be handled by the trial court in the event that the Borough was successful in its claim for contractual indemnification.

Ultimately, the jury found that the Borough acted in bad faith and returned a verdict in favor of MB&R and against the Borough. The jury also found that the Borough's liability arose out of Gibson's work on the Project under the

4

terms of the Agreement.[2]   Thus, the trial court determined that the Borough was liable to MB&R and Gibson was required to indemnify the Borough.

MB&R filed a motion to mold the verdict to reflect interest, penalties, and attorney's fees pursuant to the Act due to its successful claim.  The Borough also filed a motion to mold the verdict, seeking a judgment against Gibson for all amounts assessed against the Borough.  The Borough further asked the trial court to award attorney's fees and expert witness fees by adding them onto the judgment against Gibson.  The Borough attached copies of the fees to its motion.

Gibson filed a motion for post-trial relief, seeking a judgment notwithstanding the verdict or a new trial.  On December 14, 2015, the trial court denied Gibson's motion for post-trial relief and granted MB&R's motion to mold the verdict to include damages pursuant to the Act.  The trial court entered judgment against the Borough in the amount of $845,176.51 ($254,873.14 in remaining contract balance; $175,216.26 in Act interest; $208,168.67 in Act penalties; and $206,918.44 in attorney's fees and costs).  The trial court further granted the Borough's motion to mold the verdict to provide for indemnification and attorney's fees.  The trial court entered judgment against Gibson in the amount

---

[2] As part of the Agreement, Gibson would receive and review applications for payment from MB&R, which Gibson would submit to the Borough for approval.  Once approved, Gibson would submit documents on the Borough's behalf to the Pennsylvania Infrastructure Investment Authority (PennVest) for payment of grant funds from PennVest to the Borough.  At Gibson's recommendation, the Borough did not approve payment five to MB&R.  Gibson did not bring payment five before the Borough again, nor did it ever bring payment six before the Borough for approval.  Further, Gibson recommended that the Borough terminate its contract with MB&R.

of $698,503.10 ($175,216.26 in Act interest; $208,168.67 in Act penalties; $206,918.44 in MB&R attorney's fees and costs; and $108,199.73 in Borough attorney's fees and costs). The trial court reasoned that the Borough was excused from presenting evidence of its attorney's fees at trial because the parties deferred the question of recovery of attorney's fees until after trial. Gibson appealed the four orders to this Court.[3] The legal issues involved in these four orders can be broadly categorized into a claim for indemnification and a claim for attorney's fees and costs.

## Claim for Indemnification

Initially, Gibson contends that the trial court erred in permitting the Borough to advance a claim for contractual indemnification against Gibson because the language in the Agreement contained only words of broad, general import, and was not clear and unequivocal as required by *Ruzzi v. Butler Petroleum Company*, 588 A.2d 1 (Pa. 1991).

The *Perry-Ruzzi* rule states that:

---

[3] Our review of the trial court's denial of summary judgment, denial of post-trial motions and decision to mold a verdict to include attorney's fees, and grant of a new trial is whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Manson*, 903 A.2d 69, 73 n.4 (Pa. Cmwlth. 2006); *Daddona v. Thind*, 891 A.2d 786, 797-98 (Pa. Cmwlth. 2006); *Duquesne Light Company v. Woodland Hills School District*, 700 A.2d 1038, 1051 (Pa. Cmwlth. 1997). Our review of the trial court's refusal to sever a matter is whether the trial court abused its discretion. *Gallagher v. Pennsylvania Liquor Control Board*, 883 A.2d 550, 558-59 & n.11 (Pa. 2005).

a contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms. The liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation.

*Perry v. Payne*, 66 A. 553, 557 (Pa. 1907).

However, the Borough does not seek indemnification from Gibson for damages arising out of the Borough's own negligence, for the Borough's independent contractual liability to a third party, or for any matter outside the knowledge or control of Gibson. The Borough seeks indemnification for liabilities which arose out of or in connection with Gibson's performance of work under the terms of the Agreement. (*See* Agreement, Section VI. 6.01.) The Agreement was created with an indemnification clause that applied to liabilities that may be incurred by the Borough due to Gibson's performance of its work under the Agreement. (*See id.*)

"[T]he indemnitor is not agreeing to insure the indemnitee against loss, but, rather is acknowledging that its own actions may result in liability being imposed upon the indemnitee, and that it will, in such cases, reimburse the indemnitee for that liability." *Deskiewicz v. Zenith Radio Corporation*, 561 A.2d 33, 36 (Pa. Super. 1989). Further, "where the injury is the result of the indemnitor's active negligence, and the indemnitee is, at most, passively negligent . . . the indemnitor can hardly be said to be "insuring" against the injury, for the injury would not have occurred absent the indemnitor's own negligence." *Id.*

7

Here, the jury found that the Borough: (1) breached the Contract by not paying MB&R its remaining Contract balance; (2) acted in bad faith in not paying MB&R; and (3) wrongfully terminated the Contract with MB&R. (Verdict, 9/3/15, at 1-2.) The jury further found that the Borough's breach and wrongful termination "arose out of or was in connection with the performance of [Gibson's] work under the terms of the . . . Agreement." (*Id.*) The testimony and evidence demonstrated that it was Gibson's responsibility under the Agreement to perform all of the duties on the Project, including construction management, which involved the processing of timely payments to MB&R under the Contract. Gibson failed to process payments five and six to MB&R, recommended to the Borough that they not pay MB&R due to lack of progress on the Project, and recommended that the Borough terminate the Contract with MB&R. Thus, pursuant to the Agreement, Gibson was to indemnify the Borough for the Borough's liability due to the breach of its obligations to MB&R on the Project due to Gibson's management of the Project. Because Gibson's management of the Project caused the Borough's breach, the trial court did not err in permitting the Borough to advance a claim for contractual indemnification against Gibson.

Next, Gibson contends that the trial court erred in discovering the Borough's contractual indemnification claim. Gibson states that the Borough never adequately pled a contractual indemnification claim in its complaint and never mentioned such a claim in any subsequent filings.

Pa. R.C.P. No. 1019(a) states that in pleadings, "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and

summary form." Also, "[w]hen any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written" and "[i]f the agreement is in writing, it must be attached to the pleading." Pa. R.C.P. No. 1019(h) and note. It does not require a plaintiff "to state the legal theory or theories underlying [the] complaint." *DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa. Super. 1979).

> A purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. The purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the cause of action from a pleading of facts which obscurely support the claim in question.

*Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1992). Further, the Pennsylvania Supreme Court has determined that courts should not, *sua sponte*, search the complaint for a viable cause of action. *Steiner v. Markel*, 968 A.2d 1253, 1259-60 (Pa. 2009).

Here, the Borough alleged in its third-party complaint that: (1) MB&R was suing the Borough and attached MB&R's complaint (Third-party Comp., ¶1 at 3); (2) the Borough entered into the Agreement with Gibson to manage the Project and attached the Agreement containing the indemnification clause at issue (*id.*, ¶9 at 5); (3) the Borough relied upon Gibson to fulfill its duties (*id.*, ¶12 at 5); (4) if MB&R's allegations were established, all injury and damages were caused by Gibson (*id.*, ¶¶24-25 at 7-8); and (5) Gibson is liable to the Borough and "required to indemnify" the Borough for any damages and liability the Borough may suffer (*id.*, ¶26 at 8). Thus, Gibson was aware that the Borough was seeking

9

indemnification in its third-party complaint because sufficient essential facts were alleged. The trial court did not err in concluding that the Borough properly advanced a contractual indemnification claim.

Next, Gibson contends that the trial court erred in permitting the Borough to advance a contractual indemnification claim against Gibson when the claim was not ripe and had not accrued to the Borough. Here, the Borough did not pay any damages to MB&R until after the jury verdict and the trial court's ruling on the indemnification claim.

Pa. R.C.P. No. 2252(a)(1) and (4) provide for the joining of additional defendants to a lawsuit:

> (a) . . . [A]ny party may join as an additional defendant any person not a party to the action who may be (1) solely liable on the underlying cause of action against the joining party, or … (4) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

The joinder of additional defendants avoids multiple lawsuits by settling all claims in one action. *202 Island Car Wash, L.P. v. Monridge Construction, Inc.*, 913 A.2d 922, 926 (Pa. Super. 2006). A right to seek recovery of indemnification amounts does not accrue until after the party seeking the indemnification pays the claim. *Chester Carriers, Inc. v. National Union Fire Insurance Company of Pittsburgh*, 767 A.2d 555, 563 (Pa. Super. 2001).

10

Here, upon entry of judgment in favor of MB&R and against the Borough, the Borough became obligated to pay the judgment to MB&R and Gibson, simultaneously, became obligated to pay the same sum to the Borough under the indemnification clause. However, when a party becomes obligated to pay indemnification or when a party awarded indemnification seeks to recover those amounts is different from a court determining whether a party is entitled to indemnification. The trial court must first determine if the party is liable, hence the joinder of additional defendants to avoid multiple suits. Thus, the trial court did not err in permitting the Borough to join Gibson and advance a contractual indemnification claim because this determined liability; it was not a claim to enforce the obligation to pay.

Next, Gibson contends that the trial court should have severed the contractual indemnification claim from the underlying liability claims. Gibson further argues that the trial court erred in permitting the jury to consider the contractual indemnification claim since the interpretation, scope, and application of the indemnification clause is entirely a matter of law for the court to determine.

The decision whether to sever claims at trial is entrusted to the trial court. Pa. R.C.P. No. 213. There was no need to sever the claim because the facts and circumstances involved in the indemnification claim and the underlying breach of contract action were the same. The trial court did not err in denying the motion to sever the Borough's contractual indemnification claim.

11

Further, the interpretation of a contractual indemnification clause, like the interpretation of a contract, is a question of law for the court and should not be submitted to a jury. *Lane v. Commonwealth*, 954 A.2d 615, 618-19, 25 (Pa. Super. 2008). However, the trial court did not submit the indemnification clause to the jury for interpretation. Instead, the trial court submitted a factual issue to the jury, asking the jury to find whether the Borough's liability to MB&R "arose out of or in connection with the performance of Gibson['s] work under the terms of the . . . Agreement." Thus, the jury did not address a question of law, but was asked to make a finding of fact, which is its function.

Claim for Attorney's Fees and Costs

Gibson contends that the trial court erred in awarding the Borough attorney's fees and costs when the Borough did not plead a claim for fees, offer testimony or evidence at trial to support such a claim, take part in any agreement or discussion during trial concerning a claim, or list any exhibits as evidence of a claim.

A party must plead the relief it seeks. Pa. R.C.P. No. 1021(a). Here, the Borough attached the Agreement with the indemnity clause to its third-party complaint. The construction of an indemnity clause is a question of law for the trial court. *Lane*, 954 A.2d at 618-19. The Agreement provides that indemnification is "to include but not be limited to reasonable attorney's fees." (Agreement, 6/8/11, Section VI. 6.01.) The trial court found that Gibson had notice that the Borough was seeking attorney's fees via the Agreement, which

12

*Gibson* had drafted to include the "attorney's fees" language. Thus, once the trial court determined that the Borough was entitled to indemnification from Gibson, the plain language of the Agreement dictated that the Borough was entitled to attorney's fees. Further, the trial court determined that the discussion of attorney's fees was premature and, therefore, deferred any discussion of such fees until after the jury decision. Albeit related to MB&R's request for attorney's fees, the trial court deemed it unnecessary for the Borough to present any testimony or evidence regarding the fees until after the jury's verdict. Thus, the trial court did not err in granting the Borough's request for attorney's fees.

Gibson further contends that the trial court erred in awarding the Borough all of its attorney's fees and costs when most of the fees were expended seeking indemnification from Gibson and not in defending MB&R's claim against the Borough. We agree.

Only attorney's fees expended in defending against the merits of the underlying case may be recouped by the indemnitee, not that portion allocable to the indemnification litigation. *Boiler Engineering and Supply Company, Inc. v. General Controls, Inc.*, 277 A.2d 812, 814 (Pa. 1971). The trial court refused to reduce the fees because the Borough had not designated its fees as either in defense of the claim or pursuit of indemnification and the trial court "lacks any . . . accurate basis for reducing the Borough's reasonable attorneys' fees by the portion allocable to the indemnity litigation." (Tr. Ct. Op., 12/14/15, at 24.) However, the trial court must make an allocation of attorney's fees expended in defending against the underlying matter, and that portion expended seeking indemnification.

13

*See Boiler*.  Thus, we must vacate this part of the trial court's order and remand to the trial court for an allocation of attorney's fees.  The trial court may take additional testimony and evidence, limited to this subject.

       Accordingly, we affirm in part and vacate and remand in part.


_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MB&R Piping Contractors, Inc.  :
                                  :
            v.                  :
                                    :
Borough of East Brady       :  No. 78 C.D. 2016
                                    :
            v.                  :
                                    :
Gibson-Thomas Engineering Co.,  :
Inc.,                               :
              Appellant     :

## O R D E R

AND NOW, this 12th day of January, 2017, the orders of the Clarion County Court of Common Pleas (trial court) in the above-captioned matter are affirmed in part and vacated in part and this matter is remanded in part. We vacate that part of the trial court's order that awarded the Borough of East Brady $108,199.73 in attorney's fees and costs, and remand for the trial court to take any additional necessary testimony or evidence in order to allocate the attorney's fees appropriately, in accordance with this opinion.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge